628 A.2d 1177

**Purcell BRONSON, Appellant,**

**v.**

**Superintendent DOMOVICH, State Correctional Institution, Pittsburgh, Pennsylvania, and Program Review Committee, Appellees.**

Superior Court of Pennsylvania.

Submitted May 17, 1993.

Filed July 30, 1993.

Purcell Bronson, appellant, pro se.

Gloria Tischuk, Pittsburgh, for appellees.

Before DEL SOLE, HUDOCK and CERCONE, JJ.

HUDOCK, Judge:

Purcell Bronson (Appellant) challenges the lower court's order denying his petition for writ of habeas corpus on the basis that it lacked jurisdiction. We reverse.

Appellant was sentenced and convicted in the Court of Common Pleas of Philadelphia County, Pennsylvania. Pursuant to his sentence, Appellant was incarcerated at the Western State Correctional Institution in Allegheny County, Pennsylvania. During his incarceration, Appellant was placed in solitary confinement for a prison offense. Appellant argues that, because he was confined in Allegheny County at the time of his petition, the Honorable Robert E. Dauer of the Allegheny County Court of Common Pleas had jurisdiction pursuant to Pennsylvania Rule of Criminal Procedure 1701 paragraph (b), 42 Pa.C.S.Rule 1701(b) provides, "A petition for writ of habeas corpus challenging the conditions of the petitioner's confinement in a criminal matter shall be filed with the clerk of court of the judicial district wherein the petitioner is confined." Contrarily, in reaching his decision, Judge Dauer relied on paragraph (a) of Rule 1701, which provides, "A petition for writ of habeas corpus challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of court of the judicial district wherein the order directing the petitioner's detention or confinement was entered."

Appellees did not file a brief with this Court.[1]  Their counsel did, however, send a letter in which she argues that Appellant's issue is moot because he is no longer in solitary confinement.  In the interest of justice, we have chosen to review this case on the basis of Appellant's cogent assessment of the prison system.

> The fact that the prison's 90 day disciplinary time, and the Program Review Committee's review procedures are so short a period of time, and prisoner's appeal time also short, petitioner's issue of unlawful confinement would never be alive by the time the issue reached this Court, for the RHU [Restrictive Housing Unit] time would [sic] have already been served by the petitioner.

Appellant's reply brief at p. 1.

In order to determine where, pursuant to Rule 1701, jurisdiction lies for a petition for release from confinement, we must determine what Appellant was challenging, the conditions or the legality of his confinement.  Practically speaking, this case involves two confinements, the sentence of incarceration imposed in Philadelphia County and the punishment of solitary confinement imposed in Allegheny County.  Initially, we interpret the statute's use of the word "confinement" as meaning a trial court's sentence of incarceration, not a punishment imposed on an inmate by prison officials for breaches of discipline (e.g., solitary confinement).  The question becomes then:  Is a challenge to a punishment, specifically solitary confinement, tantamount to a challenge to the legality or the conditions of confinement?

Appellant speaks in terms of the illegality of the solitary confinement in his petition, the telling portions of which follow:

1.  Deputy Attorney General Gloria A. Tischuk explains in her letter to this Court that Assistant District Attorney Thomas N. Farrell filed a petition to withdraw as counsel for Appellees.  Attached to the petition was a letter from Farrell suggesting that, because Bronson's complaints were directed to the conditions of his confinement, the appeal should more appropriately be handled by the Attorney General's Office.  This matter was transferred to the Attorney General's Office after the due date for Appellees' brief.

3. That the illegal commitment to disciplinary custody of which petitioner herein is being unlawfully detained of (his) "liberty" was based upon a denial of Due Process and equal protection of the laws under the Pennsylvania Constitution Article 1. Sec. 8, 13, and 26, and the laws under the 4th, 8th, and 14th amendments to the United States Constitution.

In support of these contentions, petitioner alleges the following:

A) On or about June 22, 1992 a disciplinary hearing was held whereat petitioner was found guilty of an allege[d] charge of 'Threats and Extortion' and confined to Disciplinary [sic] custody for ninety (90) days.

B) Pursuant to Respondents' Administrative Directive 801 XI.A.B., petitioner was entitled to be interviewed by the Program Review Committee in person on or before July 2, 1992 for his mandatory 30 day review.

C) The purpose of said interview is to determine based on established criteria, whether or not petitioner's continued confinement to disciplinary custody is warranted.

D) It is also respondents' "Policy" pursuant to a consent decree, 'ICU v. Shapp,' to return segregated inmates to general population when their behavior has been shown to be modified.

E) Pursuant to Administrative Directive 801 XI.A. a hearing as held on June 24, 1992 by the program Review Committee [sic], whereat respondents issued a reason into the record that was not based on established criteria and policy, that would justify petitioner's continued confinement in disciplinary custody.

F) Petitioner is presently being held unlawfully in disciplinary custody.

G) Petitioner has no other adequate remedy at law to redress his unlawful confinement.

Petition for Writ of Habeas Corpus, June 30, 1992, ¶¶ 3(A–G).

According to Appellant, the review board did not punish him with solitary confinement pursuant to established criteria and policy; hence, because the board violated his due process

rights in imposing the punishment, Appellant claims his solitary confinement was illegal. Based on our review of the record, we conclude that Appellant's petition challenged the propriety of the punishment imposed on him for the threat and extortion offense; such a complaint challenges a condition of confinement, namely, being removed from the general population to solitary confinement as punishment for a prison offense; it does not challenge the legality of the underlying confinement.[2] In other words, Appellant was not contending that his underlying confinement was illegal because he should never have been incarcerated; rather, Appellant was alleging that the solitary confinement condition of his confinement was improperly imposed by the Program Review Board and therefore illegal.

We conclude that this case is governed by Rule 1701(b) as a challenge to the conditions of confinement over which the Court of Common Pleas of Allegheny County had jurisdiction. Accordingly, we reverse the order denying Appellant's petition for lack of jurisdiction.

Order reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

---

**2.** If Appellant's punishment had been the denial of a recreation period or moving him from one work force to another, these would plainly be "conditions" of confinement. We see no difference between these changes in the conditions of confinement and moving Appellant away from the general population to a solitary confinement situation. The legality of the underlying confinement to which Appellant was sentenced by a trial court has not been implicated.