**Alfonso Percy PEW, Appellant**

v.

**Neal MECHLING, Superintendent and Robert Tretnik, Health Care Administrator.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 9, 2007.

Decided May 7, 2007.

Publication Ordered Aug. 8, 2007.

■

---

Alfonso Percy Pew, appellant, pro se.

Raymond W. Dorian, Asst. Counsel and Suzanne N. Hueston, Chief Counsel, Camp Hill, for appellee.

Before McGINLEY, Judge, COHN JUBELIRER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Alfonso Percy Pew, pro se, appeals the order of the Court of Common Pleas of Fayette County (trial court) that dismissed his Habeas Corpus Petition pursuant to Section 6602(f)(1) of the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(f)(1). The trial court concluded that it was authorized to dismiss Pew's case because he had engaged in previous "prison conditions litigation" and three or more of his prior civil actions had been dismissed as being "frivolous or malicious or fail[ing] to state a claim upon which relief may be granted...." 42 Pa.C.S. § 6602(e)(2).

■ Pew is currently incarcerated at the State Correctional Institution in Fayette (SCI–Fayette). On February 18, 2004, Pew filed with the trial court a Petition for Writ of Habeas Corpus Ad Subjiciendum [1] against Neal Mechling and Robert Tretnik (Prison Officials),[2] listing 28 issues of complaint (¶¶ 1–28). On February 26, 2004, Pew filed with the trial court a document entitled Supplemental Issues of Complaint, listing 14 additional issues (¶¶ 29–42). On October 18, 2004, Pew filed a third document with the trial court entitled Second Supplemental Complaint, add-

ing another 57 issues of complaint (¶¶ 43–100). In total, Pew presented 100 numbered paragraphs of issues to the trial court. As described by the trial court, Pew's issues of complaint include:

the lack of medical treatment for religious homeopathic herbal remedies and ritual necessities; insufficient staff; lack of exercise, shaves, cleaning supplies, showers, linens and property assessments; racial discrimination and profiling in not hiring sufficient numbers of African American counselors, unit managers, teachers, librarians, kitchen dietary workers, recreational workers, medical staff, nurses, doctors and psychiatrists; staff openly discussing medical records; no private confidential medical room; insufficient blood pressure checks; denying medical tests including tests for hepatitis; not providing medical description sheets; false medical charges; ignoring inmates; malfunctioning toilets, plumbing and sewage; faulty ventilation; incorrectly built showers; unsanitary and unsafe conditions; improper cleaning; not providing peanut butter as a meat substitute; uncooked potatoes and stale white bread; inadequate food servings; the serving of dangerous saccharin cancer-causing juices; lack of impartial tribunal for grievances; inadequate law library; no legal envelopes; insufficient access to papers; opening of mail; and strip searches.

(Trial Court Op. at 1–2.) After the exchange of numerous other filings, Prison Officials filed, on May 22, 2006, a Motion to Dismiss Pew's Habeas Corpus Petition

---

1. A writ of habeas corpus ad subjiciendum is defined as "[a] writ directed to someone detaining another person and commanding that the detainee be brought to court." *Black's Law Dictionary* 715 (7th ed. 1999).

2. At the time Pew filed his writ with the trial court, Neal Mechling was the Superintendent, and Robert Tretnik was the Health Care Administrator of the Department of Corrections at SCI–Fayette.

based on Section 6602(f)(1) of the PLRA. The trial court granted the motion and dismissed Pew's action by order dated June 20, 2006.[3] Pew now appeals that order to this Court.[4]

Pew presents two issues on appeal. First, he argues that his habeas corpus petition challenging prison conditions is a criminal matter and is not subject to the "three strikes" rule. Second, he argues that his criminal habeas corpus petition falls under the exception from the "three strikes" rule because he is in imminent danger of serious physical injury.[5]

■ Section 6602(f)(1) of the PLRA, entitled "Abusive litigation," and commonly referred to as the "three strikes" rule, authorizes a trial court to dismiss "prison conditions litigation" filed by a "frequent filer" prisoner if: (1) that prisoner has filed prior "prison conditions litigation;" and (2) three or more of those actions have been dismissed under Section 6602(e)(2) of the PLRA for being "frivolous or malicious or fail[ing] to state a claim upon which relief may be granted...." 42 Pa.C.S. §§ 6602(e)(2), 6602(f)(1); *Brown v. James*, 822 A.2d 128, 129 (Pa.Cmwlth.2003).

"Prison conditions litigation" is defined in Section 6601 of the PLRA as:

A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.

42 Pa.C.S. § 6601. Thus, a trial court *cannot* dismiss "prison conditions litigation" in two instances: (1) when the proceeding involves a criminal matter or habeas corpus petition challenging the fact or duration of confinement in prison, 42 Pa. C.S. § 6601; and (2) when the proceeding requests "preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury," 42 Pa.C.S. § 6602(f)(2).

■ The record shows that Pew has filed *seven* other civil actions which have been dismissed for being frivolous, malicious, or failing to state a claim upon which

---

3. Pew appealed to the Superior Court which, by order dated September 27, 2006, transferred Pew's appeal to this Court.

4. Our review of the trial court's decision is limited to determining whether constitutional rights were violated, whether the trial court abused its discretion, or whether the trial court committed an error of law. *Bronson v. Lechward*, 155 Pa.Cmwlth. 206, 624 A.2d 799, 801 (1993).

5. Pew's actual Statement of Questions Involved reads as follows:

(1) Whether under Pennsylvania Habeas Corpus Law a criminal procedure Habeas Corpus challenging prison conditions can be subject to the three strikes law when the Writ of Habeas Corpus by Constitution cannot be suspended except in time of War?

What the lower court of Fayette County did was apply the three strike laws of civil actions to a criminal matter which the General Assembly of Pennsylvania did not intend for the Criminal Habeas Corpus Writ to be subject to.

(2) Whether the Habeas Corpus Criminal Matter met the exception of Imminent Danger of Serious Physical Injury?

The lower court of Fayette County did not address the merits of likelihood of imminent danger of serious physical injury by lack of medical treatment, religious homeopathic herbal remedies, ritual necessities, insufficient staff, lack of exercise, shaves, cleaning supplies, showers, linen, property assessment, racial discrimination and profiling. See Full Averments Memorandum Opinion Facts Page 1 and 2.

(Pew's Br. at 6.)

relief may be granted.[6] Upon reviewing Pew's pleading, the trial court found that Pew had, once again, submitted "prison conditions litigation" to the court. Therefore, the trial court dismissed his case under the "three strikes" rule.

On appeal, Pew first argues that his habeas corpus petition challenging prison conditions is not subject to the "three strikes" rule. He explains that Section 108(B) of the Pennsylvania Rules of Criminal Procedure, Pa. R.Crim. P. 108(B),[7] and *Bronson v. Domovich,* 427 Pa.Super. 312, 628 A.2d 1177 (1993),[8] support his argument that "challenging the conditions of confinement is ... a *criminal matter*" (Pew's Br. at 9) and, as such, is not consid-

ered "prison conditions litigation" as described in the definition in Section 6601 of the PLRA. Pew concludes that the trial court erred because the "three strikes" rule applies only to civil actions. (Pew's Br. at 9.)

■ We note, initially, that a writ of habeas corpus is a civil remedy regardless of whether a prisoner has been detained pursuant to a civil or criminal process. *See Chadwick v. Caulfield,* 834 A.2d 562, 566 (Pa.Super.2003). Accordingly, neither Rule 108(b) nor *Bronson* can support Pew's argument. Furthermore, under Section 6601 of the PLRA, criminal or habeas corpus proceedings are not subject to the "three strikes" rule when they

6. Those actions include:

■ *Pew v. Scire,* order entered December 8, 2005 in the Court of Common Pleas of Fayette County; 2862 G.D. 2005; dismissed as abusive litigation.

■ *Pew v. Cox,* order entered August 18, 1993 in the United States District Court for the Eastern District of Pennsylvania; No. 93–4128; dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

■ *Pew v. Cox,* order entered April 1, 1994 in the United States Court of Appeals for the Third Circuit; No. 93–2041; dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

■ *Pew v. White,* order entered August 18, 1994 in the United States District Court for the Eastern District of Pennsylvania; No. 94–4811; dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

■ *Pew v. Clark,* order entered August 19, 1994, consolidating this case with No. 94–4811 (*White*) above as No. 94–4813 in the United States District Court for the Eastern District of Pennsylvania; dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

■ *Pew v. Pavicic,* order entered August 18, 1994 in the United States District Court for the Eastern District of Pennsylvania; No. 94–4821; dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

■ *Pew v. Kosik,* order entered April 7, 1995 in the United States District Court for the Middle District of Pennsylvania; No. 3:CV–95–143; dismissed as being frivolous pursuant to 28 U.S.C. § 1915(d).

(Trial Court Op., Exs. A–F.) We note that the PLRA, enacted in 1998, was modeled after the federal Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (1996). *Payne v. Dep't of Corrections,* 582 Pa. 375, 383, 871 A.2d 795, 800 (2005). Section 6602 of the PLRA is very similar to Section 1915, cited above, of its federal counterpart.

7. In his brief, Pew cites this section as 42 Pa.C.S. § 1701(b). It appears that he obtained this citation from *Bronson v. Domovich,* 427 Pa.Super. 312, 628 A.2d 1177 (1993), which he also uses as authority. The criminal rule is cited in the *Bronson* case as Pew cites it in his brief.

Section 108(B) of the Pennsylvania Rules of Criminal Procedure provides: "A petition for writ of habeas corpus challenging the conditions of the petitioner's confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the petitioner is confined." Pa. R.Crim. P. 108(B).

8. In *Bronson,* the matter before the Superior Court focused on whether the trial court had jurisdiction over the inmate's habeas corpus petition. The Superior Court held that a habeas corpus petition challenging the conditions of a prisoner's confinement, rather than the fact of his confinement, was properly filed with the clerk of courts in the judicial district where the prisoner was incarcerated. *Id.* at 1178–79.

challenge the fact or duration of his confinement in prison. Here, however, Pew's habeas corpus petition challenged the *conditions* of his confinement rather than the actual *fact or duration* of his confinement. Therefore, the habeas corpus exclusion articulated in Section 6601 of the PLRA does not apply to Pew's case.

Next, Pew argues that his habeas corpus petition is exempted from the "three strikes" rule because he has alleged that he is in imminent danger of serious physical injury. Thus, he contends that Section 6602(f)(2) prevents the court from dismissing his request. Pew, however, has failed to provide any credible allegations that he is in imminent danger of serious physical injury. Therefore, we cannot apply the exemption provided in this section of the PLRA.

Accordingly, the order of the trial court is affirmed.

### ORDER

**NOW**, May 7, 2007, the order of the Court of Common Pleas of Fayette County in the above-captioned matter is hereby **AFFIRMED**.