IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Gardner,                               :
                Appellant          :
                             :
        v.                            :
                             :
Warden Mark Capozza, SCI Pittsburgh, :   No. 2282 C.D. 2015
Secretary John E. Wetzel           :   Submitted: April 15, 2016


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI          FILED: May 6, 2016


Steven Gardner (Gardner), acting *pro se*, appeals from an order of the Court of Common Pleas of Butler County (trial court) affirming the dismissal of his petition for writ of habeas corpus *ad subjiciendum*[1] (petition) because it was, in actuality, an untimely petition for post-conviction relief. For the reasons discussed below, we affirm.

---

[1] "A writ of habeas corpus *ad subjiciendum* is defined as '[a] writ directed to someone detaining another person and commanding that the detainee be brought to court.'" *Pew v. Mechling*, 929 A.2d 1214, 1216 n.1 (Pa. Cmwlth. 2007) (quoting *Black's Law Dictionary* 715 (7th ed. 1999)).

Gardner is an inmate currently incarcerated at the State Correctional Institution at Pittsburgh (SCI-Pittsburgh). He was charged with criminal homicide[2] in the January 10, 1995 death of Robert Stewart (Stewart), his roommate at the time. At trial, Gardner maintained that he shot Stewart in self-defense. The jury found Gardner guilty of murder in the first degree[3] and he was sentenced to life imprisonment.

After exhausting all of his direct appeals and Post-Conviction Relief Act (PCRA)[4] petitions, Gardner filed the instant petition with the trial court against Mark Capozza, Superintendent of SCI-Pittsburgh, and John Wetzel, Secretary of the Department of Corrections (together, Appellees). In essence, Gardner argued that his conviction, sentencing and imprisonment were illegal. Specifically, he claimed he was being held as the result of an illegal court procedure because his case was not brought before a grand jury. In addition, he claimed he was wrongfully convicted of murder in the first degree because he acted in self-defense. On these grounds, he sought relief from the alleged unlawful restraint of his liberty and requested that the trial court hold a hearing on these issues.

---

[2] "A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being." 18 Pa. C.S. §2501(a). "Criminal homicide shall be classified as murder, voluntary manslaughter, or involuntary manslaughter." 18 Pa. C.S. §2501(b).

[3] "A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing." 18 Pa. C.S. §2502(a).

[4] 42 Pa. C.S. §§9541-46.

On October 15, 2015, the trial court entered an order denying the petition, explaining that Gardner's claim that he was illegally tried and sentenced was not a writ of habeas corpus but yet another PCRA petition. The trial court denied Gardner's petition as untimely without conducting a hearing. Gardner filed a motion for reconsideration which was denied, and he then appealed to this Court from the order denying his petition as untimely.

On appeal,[5] Gardner argues that the trial court erred in determining that his petition was actually a PCRA petition and that a hearing on the merits should have been conducted prior to this ruling. These arguments are without merit. Section 6503(a) of the Judicial Code states that "[e]xcept as provided in subsection (b), an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever." 42 Pa. C.S. §6503(a). The exception provided in subsection (b) specifies that "[w]here a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law." 42 Pa. C.S. §6503(b).

Gardner's petition claiming that he was illegally tried and sentenced falls squarely within the PCRA, regardless of how it is captioned. The PCRA addresses this very issue:

---

[5] Because the issues for review present questions of law, our review is plenary. *Skipworth by Williams v. Lead Indus. Ass'n, Inc.*, 690 A.2d 169 (Pa. 1997).

3

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa. C.S. §9542. In this case, Gardner alleges that he did not commit the crime of first degree murder because he allegedly acted in self-defense, and that he is serving an illegal sentence because a grand jury was not convened. It is clear that the PCRA subsumes the writ of habeas corpus in circumstances such as this where the PCRA provides a remedy for the petitioner's claim. *See Commonwealth v. Hackett*, 956 A.2d 978, 985-86 (Pa. 2008) (collecting cases); *Commonwealth v. Peterkin*, 722 A.2d 638, 640 (Pa. 1998); *Commonwealth v. Taylor*, 65 A.3d 462, 465-66 (Pa. Super. 2013). Therefore, the trial court correctly determined that Gardner's petition was, in actuality, a PCRA petition rather than a writ of habeas corpus.

Because Gardner's petition is properly classified as a PCRA petition, the PCRA's time limits apply. *Taylor*, 65 A.3d at 466 ("a [petitioner] cannot escape the PCRA time-bar by titling his petition or motion as a writ of habeas corpus."). Any petition for relief under the PCRA "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final," unless the petitioner alleges and proves that an exception to the one-year time-bar is met. 42 Pa. C.S. §9545(b)(1). It is clearly established that the

4

PCRA's time requirement is jurisdictional. *See Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999); *Commonwealth v. Peterkin*, 722 A.2d 638 (Pa. 1998).

Gardner's conviction became final on or about June 20, 2002, when he terminated his attempt to obtain a writ of certiorari from the United States Supreme Court. His petition was not filed in the trial court until July 21, 2015, twelve years beyond the PCRA's one-year time-bar. Gardner failed to allege below or in this appeal that any exceptions to the PCRA's time-bar apply. Therefore, the trial court correctly determined that Gardner's PCRA petition was untimely. *See Taylor*, 65 A.3d at 468. Because the petition was untimely, the trial court lacked jurisdiction to review the merits of Gardner's petition, and his claim that he was entitled to a hearing is without merit. *See Fahy*, 737 A.2d at 224.

Accordingly, the order of the trial court is affirmed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Gardner,                          :
                    Appellant            :
                                         :
          v.                             :
                                         :
Warden Mark Capozza, SCI Pittsburgh,     :
Secretary John E. Wetzel                 :        No. 2282 C.D. 2015

# **O R D E R**

AND NOW, this 6<u>th</u> day of <u>May</u>, 2016, the order of the Court of Common Pleas of Butler County is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge