IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Rhone, : 
           Petitioner : 
            : 
           v. : No. 1690 C.D. 2016
            : Submitted: April 21, 2017
Pennsylvania Department : 
of Corrections, : 
           Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: June 14, 2017

Joseph Rhone, *pro se*, has petitioned for this Court's review of a final determination of the Office of Open Records (OOR) that affirmed the Department of Corrections' (Department) denial of Rhone's request made under the Right-to-Know Law.[1] The Department denied Rhone's request for a copy of his judgment of sentence for the stated reason that the record did not exist. On appeal, Rhone does not challenge the final determination of the OOR, but rather challenges his detention and confinement. For the following reasons, we affirm.

Rhone is an inmate incarcerated at the State Correctional Institution at Dallas (SCI Dallas). On or about August 8, 2016, he filed a Right-to-Know request with the Department's Open Records Officer, seeking a copy of the "Written Judgment of Sentence Order" for Case Number CP-51-CR-1127427-1975. Certified Record (C.R.), Item No. 1, at 4. Rhone sought a copy of the

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101 – 67.3104.

sentencing order with the judge's signature; the statute under which he was sentenced; and the "statutory authorization" to impose a life sentence without parole. *Id.* The Open Records Officer denied Rhone's request on the grounds that "[t]he record(s) that [he] requested do[es] not currently exist in the possession of the Department…." *Id.* at 3.

On August 24, 2016, Rhone appealed to the OOR. On September 6, 2016, the Department submitted a position statement and the unsworn attestation of the Records Supervisor at SCI Dallas stating, in pertinent part, as follows:

> I am employed by the Department … as Corrections Records Supervisor at the [SCI] at Dallas. If the specific records requested above [(Sentencing Order pertaining to CP-51-CR-1127427-1975)] were in the possession of this Institution, they would be retained as official records in files within my custody. After a reasonable search, no responsive records exist within my custody, possession or control.

C.R., Item No. 3, at 2.

The OOR elected to not hold a hearing and denied Rhone's appeal in a final determination dated September 29, 2016. The OOR explained that an affidavit can serve as evidentiary support for the nonexistence of records. C.R., Item No. 4, at 1. In the absence of any competent evidence that the Department in fact possesses the requested records or acted in bad faith, it would accept the averments in the Records Supervisor's affidavit as true. Rhone did not submit any evidence to challenge the Records Supervisor's statement. The OOR concluded that, based on the evidence provided, the Department "met its burden of proving that the records requested do not exist in the Department's possession, custody or control." *Id.* at 2.

2

On appeal,[2] Rhone does not challenge the OOR's final determination upholding the Department's denial of his request.[3] Rather, he challenges his confinement and detention. Rhone contends that he is being held unlawfully because the Department was not provided with the sentencing order. In addition, Rhone alleges that the sentencing court erred by failing to state the statutory authority to impose a sentence of life without parole. He asks this Court to hold that his constitutional and civil rights have been violated by his continued detention without the proper legal documents and for this Court to remand this matter to the Court of Common Pleas of Philadelphia County so that he can file a *Writ of Habeas Corpus Ad Subjiciendum*.[4] Rhone's Brief at 28. The Department responds that the OOR's final determination should be affirmed on the merits and that a Right-to-Know Law appeal is not the proper forum for Rhone to challenge the legality of his sentence or confinement.

The Right-to-Know Law is "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions." *Hodges v. Department of Health*, 29 A.3d 1190, 1192 (Pa. Cmwlth. 2011) (citation omitted).

---

[2] This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[3] In his brief, Rhone states:

> Petitioner is not appealing the decision of the [Department] RTKL office … or the Office of Open Records partial denial of the request for said document, he is in fact challenging his confinement and detention.

Rhone's Brief at 15.

[4] "A writ of habeas corpus ad subjiciendum is defined as '[a] writ directed to someone detaining another person and commanding that the detainee be brought to court.'" *Pew v. Mechling,* 929 A.2d 1214, 1216 n.1 (Pa. Cmwlth. 2007) (quoting BLACK'S LAW DICTIONARY 715 (7th ed. 1999)).

3

The Right-to-Know Law does not contain "any statutory provisions or procedures" for "an individual with a right or avenue to declare his underlying judgment of sentence a legal nullity." *Whitaker v. Department of Corrections*, (Pa. Cmwlth., No. 1781 C.D. 2012, filed March 8, 2013), slip op. at 3 (unreported).[5] It "is not a vehicle through which an individual can collaterally attack the legality of his criminal confinement." *Id.*; *see also Dozier v. Department of Corrections*, (Pa. Cmwlth., No. 1613 C.D. 2016, filed March 16, 2017), slip op. at 3-4; *Huntley v. Department of Corrections,* (Pa. Cmwlth., No. 1202 C.D. 2016, filed March 2, 2017), slip op. at 3-5, *petition for allowance of appeal filed* (Pa., No. 383 MAL 2017, filed May 15, 2017); *Quarles v. Department of Corrections*, (Pa. Cmwlth., No. 901 C.D. 2014, filed November 10, 2014), slip op. at 7-9; *Gates v. Department of Corrections*, (Pa. Cmwlth., No. 441 C.D. 2014, filed July 9, 2014), slip op. at 4-5.

By contrast, the Post Conviction Relief Act (PCRA)[6] "provides for an action by which ... persons serving illegal sentences may obtain collateral relief." 42 Pa. C.S. §9542. The PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose." *Id.* Our Supreme Court has held that "a challenge to the legality of a sentence is properly raised before the sentencing court or on direct appeal to the Superior Court." *Aviles v. Department of Corrections*, 875 A.2d 1209, 1214 (Pa. Cmwlth. 2005) (citing *McCray v. Department of Corrections*, 372 A.2d 1127 (Pa. 2005)).

---

[5] Pursuant to Commonwealth Court Internal Operating Procedures §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

[6] 42 Pa. C.S. §§9541-9546.

Because Rhone does not challenge the denial of his Right-to-Know Law request but, rather, the legality of his detention and confinement, the appeal procedure under the Right-to-Know Law is not the appropriate vehicle for his action.

Accordingly, the OOR's final determination is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Rhone,                          :
              Petitioner      :
                                   :
        v.              :   No. 1690 C.D. 2016
                                   :
Pennsylvania Department                :
of Corrections,                        :
              Respondent      :

## **O R D E R**

AND NOW, this 14th day of June, 2017, the Final Determination of the Office of Open Records in the above-captioned matter, dated September 29, 2016, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge