# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Frank Nellom, :
          Appellant :
  :  No.  807 C.D. 2022
      v. :
  :  Submitted: August 9, 2024
Carolyn Alexander :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE MATTHEW S. WOLF, Judge

*__OPINION NOT REPORTED__*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                              **FILED:  January 10, 2025**

Appellant Frank Nellom *pro se* appeals orders issued by the Court of Common Pleas of Philadelphia County (Common Pleas) on April 3, 2022, denying Nellom's petition for writ of habeas corpus (Emergency Petition),[1] and April 11, 2022, dismissing the Emergency Petition as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1).[2]  Nellom has also filed an application for relief (Application), through which he requests a remand to Common Pleas so that he may

---

[1] "A writ of *habeas corpus ad subjiciendum* is defined as '[a] writ directed to someone detaining another person and commanding that the detainee be brought to court.'" *Pew v. Mechling*, 929 A.2d 1214, 1216 n.1 (Pa. Cmwlth. 2007) (quoting BLACK'S LAW DICTIONARY 715 (7th ed. 1999)).

[2] "If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous." Pa. R.Civ.P. 240(j)(1).

present additional evidence in support of his Emergency Petition. We affirm Common Pleas' orders and dismiss the Application as moot.

## I. BACKGROUND[3]

On March 13, 2022, Nellom filed his Emergency Petition in Common Pleas against Appellee Carolyn Alexander, an employee of the City of Philadelphia's Department of Human Services (DHS). Therein, he alleged that DHS had taken two of his grandchildren from their mother and had placed them in foster care without giving their family members notice or an opportunity to adopt the grandchildren. Nellom argued that DHS' actions violated Section 6301(b)(1) and (b)(1.1) of the Juvenile Act[4] and consequently sought *habeas* relief in the form of an order compelling Alexander to appear before Common Pleas with his two grandchildren "and their case records." Emerg. Pet., ¶¶4-11, Wherefore Clause. Contemporaneously, Nellom filed a petition to proceed *in forma pauperis* (IFP Petition). Common Pleas denied the Emergency Petition on April 3, 2022, and then dismissed it as frivolous[5] after considering the IFP Petition on April 11, 2022.

---

[3] This background summary is derived from Common Pleas' opinion in support of its rulings, as well as from Nellom's Emergency Petition. *See* Common Pleas Op., 5/20/23, at 1-2; *see generally* Emerg. Pet., 3/13/22.

[4] Section 6301(b) of the Juvenile Act provides, in relevant part:
> Purposes.--This chapter shall be interpreted and construed as to effectuate the following purposes:
> (1) To preserve the unity of the family whenever possible or to provide another alternative permanent family when the unity of the family cannot be maintained.
> (1.1) To provide for the care, protection, safety and wholesome mental and physical development of children coming within the provisions of this chapter.

42 Pa.C.S. § 6301(b).

[5] "An action is frivolous under Rule 240(j), if, on its face, it does not set forth a valid cause of action." *McGriff v. Vidovich*, 699 A.2d 797, 799 (Pa. Cmwlth. 1997) (cleaned up).

2

Nellom responded shortly thereafter by appealing Common Pleas' orders and then filing his Application with our Court on January 5, 2024.

## II. DISCUSSION

On appeal,[6] Nellom essentially reiterates his argument that DHS violated Section 6301(b)(1) and (b)(1.1) of the Juvenile Act by failing to provide his family members with notice of his grandchildren's placement in foster care, as well as by failing to give them a chance to adopt those grandchildren. Nellom's Br. at 1-4. We disagree.[7] These statutory provisions do not create causes of action, as Nellom appears to suggest; rather, they merely articulate part of the General Assembly's broader guidance for how courts should interpret the Juvenile Act. *See* 42 Pa.C.S. § 6301(b). Given that Nellom rested the entirety of his Emergency Petition upon non-actionable arguments, he therefore failed as a matter of law to articulate even a facially viable claim against Alexander. Consequently, we have no basis for disturbing Common Pleas' orders.

## III. CONCLUSION

In accordance with the foregoing analysis, we affirm Common Pleas' orders and dismiss Nellom's Application as moot.

_____
**LORI A. DUMAS, Judge**

---

[6] "Ordinarily, an appellate court will review a grant or denial of a petition for writ of *habeas corpus* for [an] abuse of discretion, . . . but for questions of law, our standard of review is *de novo*, and our scope of review is plenary." *Com. v. Judge*, 916 A.2d 511, 521 n.13 (Pa. 2007) (cleaned up). Furthermore, "appellate review of a decision dismissing an action pursuant to Rule 240(j)(1) is limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015) (cleaned up).

[7] We precluded Alexander from participating in this appeal due to her failure to file a brief. Cmwlth. Ct. Order, 7/24/23, at 1.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Frank Nellom, :
            Appellant :
                      :   No. 807 C.D. 2022
            v. :
                      :
Carolyn Alexander :

# **O R D E R**

AND NOW, this 10th day of January, 2025, it is hereby ORDERED:

1. The orders issued by the Court of Common Pleas of Philadelphia County on April 3, 2022, and April 11, 2022, are AFFIRMED;

2. The Application for Relief filed by Appellant Frank Nellom on January 5, 2024, is DISMISSED AS MOOT.

 

_____

**LORI A. DUMAS, Judge**