# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mr. Curtis Thomas,
          Appellant

          v.

Mr. Morris Houser, Superintendent
S.C.I. Benner Township, Mr. George
Little, Secretary Department of
Corrections

:
:
:
:
:   No. 21 C.D. 2024
:
:
:
:
:   Submitted: February 14, 2025

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
               HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                  FILED: April 21, 2025

Curtis Thomas (Appellant) appeals an order of the Court of Common Pleas of Centre County (trial court) entered December 21, 2022, granting Morris Houser's, Superintendent of the State Correctional Institution at Benner Township, and George Little's, Secretary of Corrections (collectively Appellees) Motion to Dismiss Appellant's Petition for Writ of Habeas Corpus (Motion to Dismiss). Upon review, we affirm.

On September 29, 2022, Appellant filed a Petition for Writ of Habeas Corpus (Petition) in the trial court alleging that as a prisoner, he was no longer being treated like a citizen of the Commonwealth and his rights, liberties, privileges, and immunities were limited and restricted. Original Record (O.R.) at 44-55.[1]

---

[1] The citations to the Original Record reflect electronic pagination.

Appellant's specific complaints related to his conditions of confinement, particularly his placement in a restrictive housing unit. First, Appellant asserted that he has been punished for violations of the Department of Corrections' (Department) "Statements of Policy" through the issuance of misconduct reports, which subject him to confinement in the restricted housing unit. *Id.* at 51. He maintained that the Department's Statements of Policy are not laws, regulations, or statutes and are therefore unenforceable. *Id.* at 51. Appellant asked the trial court to order that "all misconduct reports and other reports be removed from his records, and order that the [Appellees refrain] from subjecting [Appellant] to policy statements of the Department []." *Id.* at 53. Appellant also alleged that he suffers from the chronic illness diabetes, does not receive insulin or a diabetic diet, and needs a cellmate in order to "help him with sugar packets when he goes into diabetic shock." *Id.* at 50. Appellant asked the trial court to issue an order changing his single-cell status to double-cell status "to preserve his life and well being." *Id.*

Appellees filed a Motion to Dismiss Appellant's Petition pursuant to Section 6602(e)(2) of the Prison Litigation Reform Act (PLRA),[2] 42 Pa.C.S § 6602(e)(2),[3] alleging that he failed to state a claim for habeas corpus relief. O.R. at

---

[2] 42 Pa.C.S. §§ 6601-6608.
[3] Section 6602(e) of the PLRA provides, in relevant part:

> (e) Dismissal of Litigation.—Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
> . . . .
>> (2) The prison conditions litigation is frivolous or malicious *or fails to state a claim upon which relief may be granted* or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude relief.

42 Pa.C.S. § 6602(e)(2) (emphasis added). Section 6601 of the PLRA defines the term "prison conditions litigation" as

25-40. The trial court held oral argument on the Motion to Dismiss on December 12, 2022. Thereafter, the trial court issued an order granting Appellees' Motion and dismissing Appellant's Petition. *Id.* at 18. The trial court concluded that Appellant had "failed to allege or produce evidence of (1) illegal confinement or (2) cruel and unusual punishment, as required for habeas petitions." *Id.* at 18.

On February 13, 2023, Appellant appealed the trial court's order.[4] On April 14, 2023, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). O.R. at 11. Appellant filed his 1925(b) Statement on May 12, 2023.[5]

On appeal,[6] Appellant raises two issues for this Court's review:

---

[a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.

42 Pa.C.S. § 6601. A trial court "cannot dismiss 'prison conditions litigation' . . . when the proceeding involves a criminal matter or *habeas corpus* petition challenging the fact or duration of confinement in prison." *Pew v. Mechling*, 929 A.2d 1214, 1217 (Pa. Cmwlth. 2007) (citing 42 Pa.C.S. § 6601). Here, Appellant's Petition does not challenge the fact or duration of his confinement, but rather the conditions thereof, *i.e.*, that he is subject to the Department's Statements of Policy and is assigned to single-cell housing.

[4] The order on appeal was initially sent to Appellant on December 28, 2022. The record reflects that the order was returned to the trial court, which remailed it on February 1, 2023. Thus, Appellant's February 13, 2023 appeal is timely filed. *See* Pa.R.A.P. 108, 903(a). We note that Appellant initially filed his appeal in the Superior Court. By order dated January 9, 2024, the Superior Court transferred the matter to this Court on the basis that it is prison conditions litigation filed against officers of the Commonwealth. *See* 42 Pa.C.S. § 761(a)(1).

[5] The trial court's 1925(b) order was returned and remailed to Appellant on May 2, 2023. O.R. at 7; Appellant's Suppl. Br. at 7-8 (electronic pagination). Accordingly, his 1925(b) Statement is also timely filed.

[6] Our review of the trial court's decision is limited to determining whether constitutional rights were violated, whether the trial court abused its discretion, or whether the trial court committed an error of law. *Pew*, 929 A.2d at 1217 n.4.

1. Is it cruel and unusual punishment for the Appellant, who is a diabetic, who does not receive insulin nor a diabetic diet, to be housed single-cell status, when he goes into diabetic shock and coma weekly, with no cell[]mate to help him?

2. Is it cruel and unusual punishment for the Appellant to be subjected to "Policy Statement" violations in the form of "Misconduct Reports" that prevent the Appellant from advancements in custody status changes.

Appellant's Br. at 6 (electronic pagination). While Appellant's brief does not include an argument section,[7] he cites the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV, 42 U.S.C. § 1983, and various cases in support of the issues raised.

Through his first issue, Appellant submits that he needs a cellmate to help him when he goes into diabetic shock, and that absent a double-cell, his life is in "imminent danger of serious physical injury." Appellant's Br. at 8.[8] He maintains that continued placement in his current single cell constitutes cruel and unusual punishment and runs afoul of the Eighth Amendment to the United States Constitution, U.S. Const. amend. VIII. In support, he cites *Jensen v. Knowles*, No. 2:02-CV-02373 JKS P., 2008 WL 744726 (E.D. Cal. Mar. 18, 2008), *Harris v. Beard*, Civil No. 1:CV-06-0934, 2007 WL 404042 (M.D. Pa. Feb. 1, 2007), *Ibrahim*

---

[7] Appellees ask this Court to dismiss Appellant's appeal for failure to sufficiently develop his arguments for appellate review. *See Commonwealth v. Armolt*, 294 A.3d 364, 376-77 (Pa. 2023) ("Our rules of appellate procedure are explicit that the argument contained within a brief must contain such discussion and citation of authorities as are deemed pertinent. Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (internal citations and quotations omitted). While Appellant fails to include a section in his brief titled "Argument," he does include sections titled "Constitutional and Statutory Provisions Involved" and a "Statement of the Case," which we liberally construe together as an argument section. These sections set forth Appellant's position and cite caselaw. Thus, we decline Appellees' request to dismiss Appellant's appeal for failure to sufficiently develop his arguments.
[8] The citations to Appellant's brief reflect electronic pagination.

*v. District of Columbia*, 463 F.3d 3 (D.C. Cir. 2006), and *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). However, each of the cases cited by Appellant concern whether a prisoner may proceed in forma pauperis (IFP) under 28 U.S.C. § 1915, where that prisoner is otherwise barred from proceeding IFP due to filing three or more prior frivolous actions (commonly referred to as the "three strikes rule"). The sole exception to the three strikes rule of Section 1915(g) is where the prisoner establishes he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Here, Appellant has IFP status, and 28 U.S.C. § 1915(g) is not at issue. Thus, the cases Appellant cites are inapposite.

Rather, conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the challenged conditions must be objectively sufficiently serious such that a prison official's actions or omission results in the denial of the minimal civilized measure of life's necessities. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the officials responsible for such deprivation must exhibit a sufficiently culpable state of mind, which in prison conditions cases is one of deliberate indifference to inmate health or safety. *Id.*

Based upon our review of the record, we find that the trial court did not abuse its discretion in concluding that Appellant failed to state a cognizable claim for cruel and unusual punishment under the Eighth Amendment due to his single-cell status. In the Petition, Appellant mentions that he is not on a diabetic diet and does not have access to insulin, but he fails to plead that prison officials are aware of his diabetes diagnoses and are deliberately indifferent to it. Most notably, Appellant does not ask to be placed on a diabetic diet, to be prescribed insulin, or otherwise seek any type of professional medical care related to his diabetes

diagnosis. Instead, he requests only that he be placed with a cellmate so that cellmate may administer sugar packets. As Appellant failed to plead facts necessary to state a cognizable claim under the Eighth Amendment, the trial court did not err in dismissing his Petition on this basis.

Next, Appellant argues that it is cruel and unusual punishment to subject him to "Policy Statement" violations in the form of misconduct reports, which prevents him from advancements in custody status changes. While framed as a challenge under the Eighth Amendment, Appellant's brief largely raises arguments challenging the due process protections afforded to an inmate who allegedly violated the Department's Statements of Policy. He maintains that he is in "custody level four (4) due to 'Misconduct Reports' for alleged violations of prison rules." Appellant's Br. at 8. He further asserts that "[t]he issuance of 'Misconduct Reports' do not afford Appellant representation at a hearing, an unbiased hearing examiner to judge him, the finding of guilt based on the preponderance of the evidence against him" and that "these are violations of due process." *Id.*

Again, following our review of the record, we find that the trial court did not abuse its discretion in concluding that Appellant failed to state a cognizable claim for cruel and unusual punishment under the Eighth Amendment as a result of being subject to the Department's Policy Statements while incarcerated. Our Supreme Court has explained that "prison administrators are 'afforded wide-ranging deference in adopting and carrying out policies that in their reasonable judgment are necessary to preserve order, discipline, and security.'" *Sutton v. Bickwell*, 220 A.3d 1027, 1033 (Pa. 2019) (quoting *DeHart v. Horn*, 694 A.2d 16, 19 n.6 (Pa. Cmwlth. 1997)). Moreover, this Court has stated that "the use of restricted housing units or isolation cells alone has not been held to constitute a violation of the Eighth

6

Amendment ban on cruel and unusual punishment." *Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1042 (Pa. Cmwlth. 2014).

To the extent Appellant argues the Department's misconduct report process violates his due process rights, he has failed to plead the facts necessary to support such claim. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court set forth the minimum components necessary to satisfy an inmate's procedural due process rights, which include (1) advance written notice of the claimed violation, (2) a written statement of the factfinder as to the evidence relied upon and the reasons for the action taken, and (3) the ability to call witnesses and present documentary evidence in defense when permitting the inmate to do so will not be unduly hazardous to institutional safety or correctional goals. Here, Appellant's Petition does not specifically plead what due process protections were given or denied to him during the misconduct report process. In fact, he offers no details on the prior misconduct reports, aside from the broad allegation that those reports function to keep him in single-cell status. Moreover, he does not specifically plead that he was denied any of the components set forth in *Wolff*. Instead, he asserts that the misconduct report process does not afford an inmate legal representation, a hearing examiner outside the prison system, or require a finding of guilt based on a preponderance of the evidence. Appellant's Br. at 8. However, these fall outside the minimum procedural due process protections set forth in *Wolff*. Thus, Appellant has also failed to state a cognizable due process claim.

For the reasons articulated above, the trial court's order dismissing Appellant's Petition is affirmed.

_____
MATTHEW S. WOLF, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mr. Curtis Thomas, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 21 C.D. 2024 |
| | : | |
| Mr. Morris Houser, Superintendent | : | |
| S.C.I. Benner Township, Mr. George | : | |
| Little, Secretary Department of | : | |
| Corrections | : | |

# **O R D E R**

AND NOW, this 21st day of April 2025, the order of the Centre County Court of Common Pleas entered December 21, 2022, is AFFIRMED.

_____
MATTHEW S. WOLF, Judge