IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfonso Percy Pew – Pro' Se
In Propria Personam,                          :
                                              :
                                              :
                          Petitioner          :
                                              :
              v.                              : No. 119 M.D. 2024
                                              : Submitted: July 7, 2025
George Little - Executive Secretary           :
of Corrections, Kenneth Sorber -              :
Facility Manager S.C.I. Phoenix,              :
John Terra - Facility Manager S.C.I.          :
Phoenix, and John Muick – Prison              :
Rape Elimination Act Coordinator              :
S.C.I. Phoenix, Commonwealth                  :
Employee's/State Actors sued in               :
their Official and Individual Capacities      :
for Monetary Damages for                      :
Violations under Color of Law,                :
                                              :
                          Respondents         :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                      FILED: August 19, 2025

Before the Court are the preliminary objections (POs) of the various
officials with the Pennsylvania Department of Corrections (collectively, Corrections
Officials) named in the *pro se* petition for review (PFR) filed in our original
jurisdiction by Alfonso Percy Pew (Inmate), an inmate housed at the State
Correctional Institution at Phoenix (SCI-Phoenix).[1]  Also before the Court is

---

[1] Specifically, the named Corrections Officers are George Little, the Executive Secretary
of the Department of Corrections; Kenneth Sorber, a Facility Manager at SCI-Phoenix; John Terra,
another Facility Manager at SCI-Phoenix; and John Muick, a Prison Rape Elimination Act
Coordinator at SCI-Phoenix.

Inmate's motion seeking an order to show cause why he should not be granted a temporary restraining order (TRO Motion). We dismiss the PFR, and dismiss the POs and TRO Motion as moot.

Inmate is an "abusive litigator" for purposes of the "three strikes rule" in Section 6602(e)(2) and (f)(1) of the Prison Litigation Reform Act (PLRA),[2] 42 Pa. C.S. §6602(e)(2)[3] and (f)(1).[4] Indeed, as this Court has previously observed, Inmate was an abusive litigator, as defined by the PLRA, more than 10 years ago,

---

[2] As the Pennsylvania Supreme Court has explained:

> [The] General Assembly enacted the [PLRA] in 1998, modeling it after the federal Prison Litigation Reform Act enacted in 1995, P.L. 104–134, tit. [v]ii Stat. 1321 (1996). The federal statute is intended to promote administrative redress, to filter out groundless claims, and to foster better prepared litigation of prisoner claims. *Booth v. Churner*, 532 U.S. 731, 737 [(2001)]. To achieve such purpose, both the federal and Pennsylvania PLRA set forth guidelines to be followed in prison conditions litigation.

*Payne v. Commonwealth Department of Corrections*, 871 A.2d 795, 800 (Pa. 2005) (footnote omitted).

[3] Section 6602(e)(2) states, in pertinent part: "Notwithstanding any filing fee which has been paid, ***the court shall dismiss prison conditions litigation at any time***, including prior to service on the defendant, if the court determines . . . [t]he prison conditions litigation is frivolous . . . or fails to state a claim upon which relief may be granted." 42 Pa. C.S. §6602(e)(2) (emphasis added).

[4] Section 6602(f)(1) states, in relevant part: "If the prisoner has previously filed prison conditions litigation and . . . three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2)[,] . . . ***the court may dismiss the action***." 42 Pa. C.S. §6602(f)(1) (emphasis added). Nevertheless, Section 6602(e)(1) further instructs: "The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury." *Id.*

having already more than 3 actions dismissed as frivolous at that time. *Pew v. Doe* (Pa. Cmwlth., No. 1130 C.D. 2023, filed April 7, 2025), slip op. at 7.[5]

Nevertheless, this Court "***cannot*** dismiss [Inmate's] 'prison conditions litigation' . . . when the proceeding requests 'preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury,' 42 Pa. C.S. §6602(f)(1)." *Pew v. Mechling*, 929 A.2d 1214, 1217-18 (Pa. Cmwlth. 2007) (emphasis in original).

As we noted in a prior order in this matter, Inmate filed the instant PFR "challenging alleged prison conditions involving alleged inadequate toilet facilities in the main yard and shower conditions as violating his constitutional rights." 7/18/24 Order at 2. That same day, Inmate filed the TRO Motion seeking an order from this Court restraining the Corrections Officials: (1) from "[n]ot denying [the] install[ation] of opaque shower curtains for [the] J-Unit [s]howers;" (2) "[f]rom denying a toilet being placed in [the] westside main yard quad;" (3) "[f]rom denyin[g] frontal privacy for [the] urinal in [the] westside main yard quad;" (4) "[f]rom denying a [s]ink be put in [the] westside main yard quad;" (5) "[f]rom

---

[5] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value."); *see also Pew v. Mechling*, 929 A.2d 1214, 1217-18 (Pa. Cmwlth. 2007), wherein this Court stated:

> The record shows that [Inmate] has filed ***seven*** other civil actions which have been dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted. Upon reviewing [Inmate's] pleading, the trial court found that [he] had, once again, submitted 'prison conditions litigation' to the court. Therefore, the trial court dismissed his case under the 'three strikes' rule.

(Emphasis in original.)

denying [I]nmate use of [an] indoor inmate bathroom in [the] westside main yard;" and (6) "[f]rom denying paper towels to clean hands in [the] westside main yard quad." TRO Motion at 1; *see also id.* at 2.

As we have explained:

> The "credible allegation" requirement of [S]ection 6602 of the PLRA "indicates that the supporting averments must go beyond being merely rational[] and conceivable and must possess the additional characteristics of being reliable and convincing." *Brown v. P[ennsylvania] Dep[artmen]t of Corrections*, 58 A.3d 118, 123 (Pa. Cmwlth. 2012) (*Brown III*). Thus, in order to satisfy the credible allegation requirement, it is imperative that the averments in the complaint be substantiated by some form of extrinsic evidence attached to the complaint, such as medical documentation. *Id.* Further, the danger of serious bodily injury[6] must be "imminent," *i.e.*, "the danger must be, or must reasonably appear to be, threatening to occur immediately, near at hand, and impending." *Brown v. Beard*, 11 A.3d 578, 581 (Pa. Cmwlth. 2010)[.] We have repeatedly held that prisoners failed to make ***credible allegations*** of imminent danger of serious bodily injury, and were, thus, ineligible for the "three strikes rule" exception, where they did not substantiate averments in the complaints with extrinsic evidence attached to the complaints. *See, e.g., Brown v. Wolf* (Pa. Cmwlth., No. 566 C.D. 2017, filed January 16, 2018)[,] slip op. at 9; *Sehu-Kessa-Saa-Tabansi v. Wetzel* (Pa. Cmwlth., No. 867 C.D. 2014, filed January 15, 2015), slip op. at 8-9; *Tabansi v. Director of Correctional Industries-Doe* (Pa. Cmwlth., No. 392 C.D. 2013, filed November 19, 2013), slip op. at 5; *Brown III*, 58 A.3d at 123-24.

---

[6] Although "serious bodily injury" is not defined in the PLRA, it is commonly understood to mean "[s]erious physical impairment of the human body; esp[ecially], bodily injury that creates a substantial risk of death or that causes serious, permanent disfigurement or protracted loss or impairment of the function of any body part or organ." *Black's Law Dictionary* (12th ed. 2024); *see also* Section 2301 of the Crimes Code, 18 Pa. C.S. §2301 ("'Serious bodily injury.' Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.").

4

*Pelzer v. Wolf* (Pa. Cmwlth., No. 472 C.D. 2019, filed March 9, 2020), slip op. at 5-6 n.6 (emphasis in original).

Because Inmate has again filed "prison conditions litigation," in which he has not made a "credible allegation" of "imminent danger of serious bodily injury," the instant PFR will be dismissed under Section 6602(f)(1) of the PLRA. *See, e.g.*, *Pew*, 929 A.2d at 1219 ("Next, [Inmate] argues that his *habeas corpus* petition is exempted from the 'three strikes' rule because he has alleged that he is in imminent danger of serious physical injury. . . . [Inmate], however, has failed to provide any credible allegations that he is in imminent danger of serious physical injury. Therefore, we cannot apply the exemption provided in this section of the PLRA.").

Accordingly, the PFR is dismissed, and the POs and TRO Motion are dismissed as moot.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alfonso Percy Pew – Pro' Se
In Propria Personam,

Petitioner

v.                                  : No. 119 M.D. 2024

George Little - Executive Secretary
of Corrections, Kenneth Sorber -
Facility Manager S.C.I. Phoenix,
John Terra - Facility Manager S.C.I.
Phoenix, and John Muick – Prison
Rape Elimination Act Coordinator
S.C.I. Phoenix, Commonwealth
Employee's/State Actors sued in
their Official and Individual Capacities
for Monetary Damages for
Violations under Color of Law,

Respondents

**PER CURIAM**

**O R D E R**

AND NOW, this 19<u>th</u> day of <u>August</u>, 2025, the Petition for Review (PFR) filed in the above-captioned matter is DISMISSED; the subsequently filed "Motion Seeking Order to Show Cause for a Temporary Restraining Order" and Preliminary Objections to the PFR are DISMISSED as moot.