Alton D. BROWN, Appellant

v.

PA. DEPT. OF CORRECTIONS; Jeffrey A. Beard; Shirley Moore–Smeal; Dorina Varner; William Banta; Felipe Arias; Prison Health Services, Inc.; Julie Knaver; Myron Stanishefski; Ray Machak; M. Wenerowicz; J.

Strickland; Richard Stefanic; Joseph C. Korszniak; Wendy Shaylor; Scott Williamson; John Day; D. White; George Hiltner; Physician Assistant Jane Doe; John K. Murray; E. Verosky.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 24, 2012.
Decided Nov. 16, 2012.

Alton D. Brown, pro se.

Kemal A. Mericli, Senior Deputy Attorney General, Pittsburgh, for appellee Department of Corrections.

Kathryn M. Kenyon, Pittsburgh, for appellees Prison Health Services, Inc., Dr. Arias, P.A. Korszniak, P.A. Machak and Dr. Stefanik.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Alton D. Brown (Brown) appeals *pro se* from the November 10, 2011 order of the Allegheny County Court of Common Pleas (trial court), which dismissed Brown's complaint with prejudice pursuant to section 6602(f) of the statute commonly known as the Prison Litigation Reform Act (Pennsylvania PLRA), 42 Pa.C.S. § 6602(f). We

affirm in part and vacate and remand in part.

On January 28, 2011, Brown filed a *pro se* complaint in the trial court against the Department of Corrections, Jeffrey A. Beard, Shirley Moore–Smeal, Dorina Varner, William Banta, Felipe Arias (collectively, Department), and Prison Health Services, Inc. (PHS), an entity that contracts with the Department to provide medical services to inmates, and Julie Knaver, Myron Stanishefski, Ray Machak, M. Wenerowicz, J. Strickland, Richard Stefanic, Joseph C. Korszniak, Wendy Shaylor, Scott Williamson, John Day, D. White, George Hiltner, Physician Assistant Jane Doe, John K. Murray, and E. Verosky, individual employees of PHS (collectively, PHS). In his complaint, Brown asserted claims through the vehicle of Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that the Department and PHS (collectively, Defendants) violated his First, Eighth and Fourteenth Amendment rights by subjecting him to cruel and unusual conditions of confinement, acts of retaliation, and the denial of adequate medical care. Brown also asserted state law tort claims for medical malpractice and negligent housing. (Complaint, Preliminary Statement).

In his complaint, Brown alleged that on January 12, 2006, he was transferred to SCI–Graterford, in Montgomery County, Pennsylvania. Brown averred that the ventilation system at SCI–Graterford was and currently is inadequate and, consequently, the air is contaminated with a high concentration of dust, dirt, and tobacco smoke. Brown alleged that as a result of constantly breathing the foul air, his liver disease, Hepatitis C, has become aggravated and his sinuses are clogged. Brown further stated that he suffers from shortness of breath and wheezing, and, at least on one occasion, has coughed up blood. Brown also averred that PHS either denied him medical treatment or failed to provide him with adequate medical treatment. Brown claimed that due to the conditions of his confinement and lack of proper medical treatment, he "is in imminent and ongoing danger of his injuries progressing; death, cancer; irreparable injuries to his lungs, liver, throat and sinuses; and contracting chronic bronchitis ... [or] some other serious respiratory disease...." In his request for relief, Brown sought compensatory and punitive damages, declaratory relief, and a temporary and permanent injunction. (Complaint, ¶¶ 13, 30, 39–42, 44, 47 and 70–73 and Relief Requested section).

In conjunction with his complaint, Brown filed a petition to proceed *in forma pauperis*, which the trial court granted on March 11, 2011. Thereafter, Defendants filed motions to dismiss Brown's complaint under section 6602(f) of the Pennsylvania PLRA and Pa. R.C.P. No. 240(j). By order dated November 10, 2011, the trial court granted Defendants' motions to dismiss on the basis of section 6602(f) and dismissed Brown's complaint with prejudice. This appeal ensued.

On appeal, Brown asserts that the averments in his complaint established that he is in imminent danger of serious bodily injury.

The Pennsylvania PLRA describes the manner in which prisoners can engage in prison conditions litigation, setting forth, among other things, the definitions of such litigation, the filing fees to be paid, and the ability of a trial court to summarily dismiss prison conditions litigation. In pertinent part, section 6602(f) provides as follows:

> (f) *Abusive litigation.*—If the prisoner has previously filed prison conditions litigation and:

(1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2) . . .

\* \* \*

the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f)(1). Under section 6602(e)(2) of the Pennsylvania PLRA, a court can dismiss prison conditions litigation when "[t] he prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief." 42 Pa.C.S. § 6602(e)(2).

For purposes of the Pennsylvania PLRA, Brown has a prolific history of filing frivolous and abusive *pro se* lawsuits concerning the conditions of his confinement. *See, e.g., Brown v. Pennsylvania Department of Corrections (Brown I)*, (Pa. Cmwlth., No. 93 M.D.2011, filed March 29, 2012), slip op. at 12 n. 7 ("Our research has shown that Brown has filed well over twenty *pro se* matters in which he challenges the conditions in which he is housed and/or the medical treatment he has received for various alleged ailments. The matters have been filed in various Courts of Common Pleas, this Court, and in the Federal Courts throughout the country. With few exceptions, these matters have been dismissed as being frivolous, without

merit, or for not demonstrating that Brown was in imminent danger of serious bodily injury") (citations omitted); *see also Brown v. Pennsylvania Department of Corrections*, 913 A.2d 301, 306 (Pa.Cmwlth. 2006) ("Brown is a well-qualified abusive litigator within the meaning of the PLRA."); *Brown v. James*, 822 A.2d 128, 131 (Pa.Cmwlth.2003) (concluding that Brown has accumulated "three strikes" under section 6602(e)(2) of the Pennsylvania PLRA and that his civil actions are subject to dismissal per section 6602(f)(1)).[1]

Under section 6602(f)(1) of the Pennsylvania PLRA, commonly referred to as the "three strikes rule," a court can revoke a plaintiff's *in forma pauperis* status if the plaintiff filed three or more civil actions involving prison conditions and these civil actions have been dismissed as frivolous or malicious or for failure to state a claim. When a plaintiff's *in forma pauperis* status is revoked, a court may dismiss the plaintiff's complaint if the plaintiff thereafter fails to pay the filing fees and costs associated with the litigation. *Lopez v. Haywood*, 41 A.3d 184 (Pa.Cmwlth.2012). Because Brown already has "three strikes" for purposes of the Pennsylvania PLRA, the only way he can avoid revocation of his *in forma pauperis* status is if his complaint seeks injunctive relief and sets forth "a credible allegation that [he] is in imminent danger of serious bodily injury." 42 Pa.C.S. § 6602(f); *Brown v. Beard*, 11 A.3d 578, 581 (Pa.Cmwlth.2010).

In support of his argument, Brown cites *Gibbs v. Cross*, 160 F.3d 962 (3d. Cir. 1998), which held that allegations similar to those pled by Brown in the instant complaint sufficed to prove imminent dan-

---

1. *See also Brown v. Pennsylvania Department of Corrections*, 555 U.S. 1166, 1166, 129 S.Ct. 1405, 173 L.Ed.2d 579 (2009) ("As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee . . . is paid and [the] petition submitted in compliance with [the rules].").

ger under the Federal Prison Litigation Reform Act (Federal PLRA), 42 U.S.C. § 1997e. The Department acknowledges that *Gibbs* would be controlling authority in this matter if this Court were interpreting the Federal PLRA. The Department also concedes that in an unpublished memorandum, the United States Court of Appeals for the Third Circuit recently analyzed a complaint filed by Brown that was materially identical to the one in this case. *Brown v. Secretary of Pennsylvania Department of Corrections (Brown II)*, 486 Fed.Appx. 299 (3d Cir.2012). Relying upon *Gibbs*, the Third Circuit in *Brown II* reversed the district court's decision to dismiss Brown's *pro se* complaint, concluding that Brown sufficiently pled imminent danger under the Federal PLRA.[2]

Defendants note that the Third Circuit's decisions in *Gibbs* and *Brown II* are not binding upon us and, importantly, have interpreted the Federal PLRA as opposed to the Pennsylvania PLRA. Defendants suggest that because the two statutes contain different language a divergent standard should be applied to the Pennsylvania PLRA. We agree.

Defendants direct our attention to this Court's unpublished memorandum opinion in *Brown I*. Similar to the Third Circuit in *Brown II*, this Court had the opportunity to address a mandamus petition filed by Brown that contained factual averments almost duplicative to those in his instant complaint. Unlike the Third Circuit in *Brown II*, this Court in *Brown I* concluded that Brown failed to adequately plead a credible allegation of imminent danger.

The pertinent section of the Federal PLRA states that the *in forma pauperis* status of a prisoner with three meritless law suits will be revoked "unless the prisoner is under imminent danger of serious physical injury." Section 1915(g) of the Federal PLRA, 28 U.S.C § 1915(g). In determining whether a *pro se* plaintiff has adequately pled imminent danger under the Federal PLRA, courts are instructed to evaluate the complaint in accordance with the liberal pleading standard applicable to *pro se* litigants, but can disregard "allegations that are fantastic or delusional and rise to the level of the irrational. . . ." *Gibbs*, 160 F.3d at 966–67.

On the other hand, the relevant portion of the Pennsylvania PLRA states that a court cannot revoke a prisoner's *in forma pauperis* status where the prisoner requests preliminary injunctive relief and "makes a *credible allegation* that the prisoner is in imminent danger of serious bodily injury." 42 Pa.C.S. § 6602(f)(1) (emphasis added).

A comparison of the pertinent provisions of the Federal PLRA and the Pennsylvania PLRA reveals that although they are substantially similar, the Pennsylvania PLRA places a heightened pleading standard on the prisoner. Specifically, the Pennsylvania PLRA, unlike the Federal PLRA, requires the prisoner to set forth facts in the complaint that demonstrate a "credible allegation." Ostensibly, this requirement under the Pennsylvania PLRA is a more onerous burden than the pleading standard for the Federal PLRA, which simply obliges a prisoner to plead facts that rise above delusions and meet a basic

---

2. *See Brown II*, 486 Fed.Appx. at 302, (". . . [T]he [Federal] PLRA permits even litigious prisoners to proceed without pre-payment of the fee if they are under imminent danger of serious physical injury. Brown has adequately alleged as much in this case, and those allegations were not challenged. Significant problems with ventilation, at least where resulting health problems are caused by ventilation issues, can meet the imminent danger standard.").

level of plausibility. Indeed, the "credible allegation" requirement of the Pennsylvania PLRA indicates that the supporting averments must go beyond being merely rationale and conceivable and must possess the additional characteristics of being reliable and convincing. Our memorandum opinion in *Brown I* supports this construction of the Pennsylvania PLRA's "credible allegation" requirement.

In *Brown I,* this Court reviewed a mandamus petition filed by Brown that was factually indistinguishable from the complaint at issue here. In *Brown I,* Brown alleged that while incarcerated at SCI–Graterford, the Department violated his constitutional rights by failing to provide adequate air ventilation and medical treatment. Brown averred that he continually breathed in dust and smoke and, consequently, suffered various problems with his respiratory system as well as aggravation of his Hepatitis C. As in this case, in *Brown I* Brown claimed that "he [was] in imminent and ongoing danger of his illnesses progressing, premature death, cancer, irreparable lung damage, contracting c[h]ronic bronchitis (assuming he does not already have it), or some other type of serious respiratory disease." *Brown I,* slip. op. at 4–5.

This Court in *Brown I* reviewed the allegations in the *pro se* mandamus petition and concluded that Brown "has not sufficiently and credibly alleged imminent serious danger of bodily injury." *Id.,* slip. op. at 10. In assessing the only injuries that could have risen to the level of imminent danger of serious bodily injury (aggravation of Hepatitis C and coughing up blood), we stated:

More importantly, given Brown's long history of abusive litigation in the Courts of Common Pleas throughout this Commonwealth, this Court, and the Federal Courts, and the generalized nature of Brown's claims, we agree with the [Department's] argument that this Court is not required to accept these allegations as true ... Here, Brown has not offered anything in his [ ] Petition to collaborate his bare assertions, such as medical documentation, which, given his history of abusive litigation, we conclude is necessary for this Court to accept such allegations as credible.

*Id.,* slip op. at 12 (citations and footnote omitted). Accordingly, in *Brown I,* this Court concluded that in order for Brown to satisfy the "credible allegation" requirement of the Pennsylvania PLRA, it was imperative that he substantiate his averments with some form of evidence extrinsic to the complaint itself, such as medical documentation.

■ Consistent with our analysis in *Brown I,* we conclude that the "credible allegation" requirement in the Pennsylvania PLRA distinguishes the Pennsylvania PLRA from the Federal PLRA.[3] We further conclude that in all substantive facets, the factual averments and the legal claims in *Brown I* completely mirror those in Brown's present *pro se* complaint. Consequently, we reach the same conclusion as we did in *Brown I* and hold that absent supporting documentation, this Court is not obligated to accept the allegations in Brown's complaint as credible.

Here, Brown failed to substantiate his averments of imminent danger by attaching medical documentation, or any other form of extrinsic evidence for that matter, to his *pro se* complaint. As such, this Court need not accept Brown's allegations, on their face, as "credible allegations" of imminent danger. *Brown I,* slip. op. at 12.

3. Because the Federal PLRA does not have a "credible allegation" requisite, we find that the Third Circuit's decisions in *Gibbs* and *Brown II* are unpersuasive.

Therefore, consistent with our prior memorandum opinion in *Brown I*, we conclude that Brown has failed to credibly allege imminent danger of serious bodily injury for purposes of the Pennsylvania PLRA.

█ Brown also asserts that his claims against PHS are not covered under the Pennsylvania PLRA because PHS is a private business as opposed to a governmental entity. We disagree.

Section 6601 of the Pennsylvania PLRA defines "prison conditions litigation" as: "A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement *or* the effects of actions by a government party on the life of an individual confined in prison." 42 Pa.C.S. § 6601 (emphasis added).

Here, Brown overlooks the disjunctive "or" in section 6601, which provides for two separate ways in which a civil proceeding can be considered prison conditions litigation. The first is where the lawsuit involves "the conditions of confinement," and the second concerns actions by a "government party" that affect a prisoner. Here, Brown's allegations that PHS denied him medical treatment or supplied him with inadequate treatment while he was incarcerated falls within the first definition, as it generally relates to the circumstances and situations ("conditions") of Brown's confinement. Indeed, in *McCool v. Department of Corrections of Pennsylvania*, 984 A.2d 565, 569 (Pa.Cmwlth.2009), the prisoner instituted civil rights litigation and medical malpractice claims against various defendants, including PHS. We concluded that, "[b]ecause the complaint challenges the quality of medical care at the prison, it squarely fits the definition of

prison conditions litigation." *Id.* Therefore, *McCool* is directly on point, and Brown's claims against PHS fall within the ambit of the Pennsylvania PLRA.

For the above-stated reasons, we conclude that the trial court did not err in finding that Brown failed to credibly allege imminent danger of serious bodily injury under the Pennsylvania PLRA. Consequently, we affirm that portion of the trial court's order that revoked Brown's *in forma pauperis* status.

█ In light of *Lopez*, a recent decision by this Court,[4] we must separately address the part of the trial court's order that dismissed Brown's *pro se* complaint without first affording Brown the opportunity to pay his filing fees and litigation costs.[5] In *Lopez*, this Court concluded that "where a prisoner pays the filing fees and costs associated with commencing prison conditions litigation, whether at the initiation of the litigation or after the revocation of the prisoner's [*in forma pauperis*] status, the trial court should not dismiss the matter solely based on the 'three strikes rule,'" *i.e.*, because the prisoner had three or more prior civil actions that were dismissed as frivolous or malicious or for failure to state a claim and the prisoner failed to credibly allege in the instant action that he is in imminent danger of serious bodily injury. *Id.*, 41 A.3d at 188. Our holding in *Lopez* was grounded on the premise that "[t]o allow a trial court to dismiss a prisoner's non-[*in forma pauperis*] prison conditions complaint based solely on the prior dismissals of other complaints essentially forecloses meaningful access to the courts to the prisoner, ... a result that is not constitutionally sound

---

4. We recognize that the trial court did not have the benefit of our decision in *Lopez* when it issued its order dismissing Brown's complaint.

5. We also note that *Lopez* was followed and applied in *Brown I*.

..." *Id.* For these reasons, the *Lopez* court ultimately concluded:

the trial court should have provided [the prisoner] a reasonable opportunity to 'proceed' with his already-begun prison conditions litigation by paying his filing fees and costs before dismissing the matter in its entirety. However, if [the prisoner] does not pay the fees costs associated with [his litigation] as directed by the trial court, the matter should be dismissed.

*Id.* at 188–89.

Therefore, pursuant to our holding in *Lopez,* we vacate the trial court's order insofar as it dismissed Brown's complaint under section 6602(f) of the Pennsylvania PLRA and remand in order for the trial court to afford Brown the opportunity to pay his filing fees and litigation costs. On remand, the trial court shall make arrangements to provide Brown with a list of costs and fees incurred in connection with this litigation, and shall dismiss the case if Brown thereafter fails to pay these expenses.

Accordingly, we affirm in part and vacate and remand in part.

### ORDER

AND NOW, this 16th day of November, 2012, the order of the Court of Common Pleas of Allegheny County, dated November 10, 2011, is affirmed in part, vacated to the extent that it dismissed Brown's complaint, and remanded for further proceedings. On remand, the trial court shall order the Prothonotary of Allegheny County (Prothonotary) to compile a list of the filing fees and costs associated with this matter that Brown would have had to pay had he not been granted in forma pauperis status and to provide that information to Brown within 30 days of this Court's Order. The trial court shall direct Brown to pay those fees and costs within 30 days of receiving the information from the Prothonotary. If Brown fails to pay the fees and costs, the trial court shall enter an order dismissing Brown's complaint with prejudice.

Jurisdiction relinquished.