# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Caine Pelzer, et al.            :
                                   :
            Appellant         :
               v.                : No. 309 C.D. 2017
                                     : Submitted: September 1, 2017
Pennsylvania Department of      :
Corrections, et al.               :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                         **FILED:  October 16, 2017**

Before this Court is the appeal of Caine Pelzer (Plaintiff), currently an inmate at the State Correctional Institution at Pine Grove (SCI-Pine Grove), from a March 7, 2017 order of the Greene County Court of Common Pleas (Trial Court) granting the motion filed by Pennsylvania Department of Corrections, et al.[1]

---

[1] The named defendants are the Pennsylvania Department of Corrections, Secretary John Wetzel, Executive Deputy Secretary Shirley Moore-Smeal, Superintendent Louis Folino, Deputy Superintendent Lorinda Winfield, Deputy Superintendent Robert Gilmore, Superintendent Brian Coleman, Major Wallace Leggett, Major John Doe, Captain Durco, Unit Manager Paul Palya, Grievance Coordinator Tracy Shawley, and SCI-Greene Security Threat Group Management Unit (STGMU).

(Defendants) to revoke Plaintiff's *in forma pauperis* (IFP) status. (Trial Court Order, Record (R.) Item 23; Motion to Revoke, R. Item 41.)

In addition to the above-mentioned order, the Trial Court issued two related orders on March 7, 2017, the first of which determined that Plaintiff was an abusive litigator and therefore subject to a revocation of his IFP status under Section 6602(f) of the Prison Litigation Reform Act (PLRA), 42 Pa. C.S. § 6602(f), commonly known as the "three strikes" rule; however, this order further stated that the Trial Court would consider whether Plaintiff might proceed nonetheless with his amended complaint,[2] without payment of appropriate filing fees, by making a credible allegation that he was in danger of imminent bodily harm and required injunctive relief, thereby meeting the exception provided in Section 6602(f).[3] (Trial

---

[2] The original complaint, filed on March 5, 2014, was styled as a class action by Plaintiff, who was then incarcerated at SCI-Greene, and another inmate, Addam Sloane, who is no longer incarcerated; the complaint alleged fraud as well as equal protection, 14th and 5th Amendment violations, all involving Department of Corrections policy and conditions within the prison system, and particularly the treatment of inmates who were part of the prison's STGMU. (R. Item 79.)

[3] Section 6602(f) of the Prison Litigation Reform Act, 42 Pa. C.S. § 6602(f), entitled "Abusive Litigation," provides, in part:

> (f) ABUSIVE LITIGATION. If the prisoner has previously filed prison conditions litigation and:
>
> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or
>
> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial; the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive

Court Order, R. Item 22.) In its order granting Defendants' Motion to Revoke IFP Status, the Trial Court determined that Plaintiff had not met this exception, and granted him thirty days within which to pay filing fees associated with his prison conditions lawsuit or face dismissal. (Trial Court Order, R. Item 23.)

In a third order, the Trial Court acknowledged that prior to the revocation of Plaintiff's IFP status the parties had several pending matters before the court, including (i) preliminary objections, (ii) Plaintiff's Motion for Default Judgment, (iii) Plaintiff's Motion to Strike, and (iv) Plaintiff's Motion for Preliminary Injunction and Restraining Order. (Trial Court Order, R. Item 21.) The Trial Court determined that as a result of the revocation of Plaintiff's IFP status, the aforementioned matters were rendered moot. (R. Item 21.) Plaintiff appealed from all three of the March 7, 2017 orders.

This case has a long procedural history, including the entry of an opinion and order by this Court, in *Caine Pelzer, Addam Sloane, et al. v. Secretary John Wetzel, Pennsylvania Department of Corrections, et al.*, (Pa. Cmwlth., No. 670 C.D. 2014, filed October 6, 2014), wherein this Court vacated a Trial Court order entered in April 2014 that dismissed Plaintiff's complaint, and remanded the matter to the Trial Court for further proceedings, holding that it abused its discretion when it dismissed the complaint without allowing him to either amend the complaint or file a response to the preliminary objections and without holding a hearing. The Trial Court thereupon ordered Plaintiff to file, within twenty days, an amended complaint or to file an answer to Defendants' Preliminary Objections; Plaintiff filed

---

relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

Preliminary Objections to Defendants' Preliminary Objections on October 20, 2014. Subsequently, and after petitioning for leave to amend his complaint in January 2016, he filed an amended complaint, on February 26, 2016. On March 31, 2016, Plaintiff filed a Notice of Praecipe to Enter Judgment by Default and on April 21, 2016, he filed a Praecipe for Entry of Default Judgment, stating that Defendants did not answer his amended complaint. On April 27, 2016, the Trial Court ordered that the Trial Court Administrator schedule a hearing, to be held at SCI-Greene, on the merits of the amended complaint. (R. Item 51.) Defendants responded to this order on May 6, 2016, arguing that an entry of default judgment would be inappropriate for various reasons and further arguing that a hearing on the merits of the complaint was unnecessary. Defendants generally alleged improper service and timeliness of Plaintiff's filings, and proposed that either the Trial Court could disregard Plaintiff's amended pleading, or could docket said complaint and direct Defendants to file a response within a specified time.[4] (Defendants' Response to Order of April 27, 2016 and Plaintiff's Request for an Entry of Default Judgment, R. Item 50.) Plaintiff responded with a motion to strike Defendants' response. (R. Item 37.)

On May 11, 2016, the Trial Court issued an order scheduling a hearing on the merits of Plaintiff's complaint and the class action for May 26, 2016, at SCI-Greene. (Trial Court Order, R. Item 49.) The Trial Court issued a subsequent order, filed May 20, 2016, directing the Court Administrator to reschedule the hearing, noting that co-plaintiff Addam Sloane had been paroled and was no longer in custody. (Trial Court Order, R. Item 46.) Finally, on May 23, 2016, the Trial Court

---

[4] Defendants alleged that Plaintiff's amended complaint was received on February 25, 2016, more than 21 days after the Trial Court granted Plaintiff's request to amend the complaint, and therefore that it was likely filed late.

4

filed an order scheduling the hearing to be held on August 25, 2016. (Trial Court Order, R. Item 43.) However, it is apparent from the record that this hearing did not occur, and four days later, on August 29, 2016, Defendants filed a Motion to Revoke IFP Status. (R. Item 41.)

In his response to the Motion to Revoke IFP status, Plaintiff did not challenge his classification as an abusive litigator, but averred that he, as well as other inmates who are parties to his class action suit, are under imminent danger of serious bodily injury, and subject to threats from Security Threat Group Management Unit (STGMU) guards as well as other inmates in the STGMU. (R. Item 39.) On January 30, 2017, Plaintiff filed a Motion for Preliminary Injunction and Restraining Order, alleging his placement in the STGMU constitutes cruel and unusual punishment in retaliation for having filed a complaint. (R. Item 36.) On February 7, 2017, the Trial Court, by the Honorable Louis Dayich, noted that the case had recently been assigned to him, and ordered that at an already scheduled March 3, 2017 hearing on the Motion to Revoke IFP Status, pending motions in the case, including Plaintiff's Motion for a Preliminary Injunction and Restraining Order and Motion to Strike, and Defendants' response to the Trial Court's April 27, 2016 order, would also be considered and resolved. (R. Item 26.)

Before this Court,[5] Plaintiff argues that the Trial Court abused its discretion by failing to grant his Motion for Preliminary Injunction and Restraining Order. Plaintiff further argues that the Trial Court erred in failing to consider and

_____

[5] Our review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed, or whether the trial court abused its discretion. *Brown v. Beard*, 11 A.3d 578, 580 n.5 (Pa. Cmwlth. 2010).

enter default judgment against Defendants for failure to answer his amended complaint. We find no error in the Trial Court's determinations.

Defendants responded to the preliminary injunction request, indicating their position that Plaintiff failed to properly respond to their Motion to Revoke IFP Status or face dismissal of his action. Defendants averred that Plaintiff filed a reply but did not serve a copy upon Defendants or Defendants' counsel, and therefore the case should be terminated and no further litigation regarding the preliminary injunction was necessary. (R. Item 28.) In its 1925(a) opinion, the Trial Court observed that there were numerous filings within the litigation and numerous allegations of non-service between the parties. The Trial Court found that an entry of default judgment was not justified. (R. Item 16, Trial Court Opinion.) Referring to the fact that the hearing scheduled for August 25, 2016 did not occur, the Trial Court opined:

> [S]etting the matter for hearing, rather than entry of default judgment was proper and the [Trial] Court did not err with regard to the two issues complained of herein. The instant Court does reiterate that the default judgment request triggered a hearing on the merits, however, no hearing was held and this scheduling oversight cannot be attributed to the actions of either party.

(*Id.*)

Appellant also argues that the Trial Court abused its discretion in revoking his IFP status. The record demonstrates that Appellant is an abusive litigator; he has had at least three prior actions dismissed pursuant to Subsection 6602(e)(2). (Motion to Revoke IFP, Exhibits I-III, R. Item 41.) As a result of his status as an abusive litigator, the provisions in subsection (b) and (f) of Pennsylvania

6

Rule of Civil Procedure 240 that provide litigants with scant financial resources access to the courts are inapplicable unless Appellant "is in imminent danger of serious injury." 42 Pa. C.S. § 6602; *see also* Pa. R.C.P. No. 240(j)(1).

Here, Plaintiff argues that he has credibly alleged imminent danger in the form of "assault by [oleoresin capsicum or pepper] spray by prison guards and threat of assault by physical force at the hands of prison guards…". (Appellant's Brief at 21.) He further alleges imminent danger to other prisoners and asserts that events occurring in the STGMU program he has successfully completed still pose imminent danger, as do events in a new, unnamed program into which he has been placed.

Plaintiff's claims are uncorroborated by medical or any other type of evidence. In its March 7, 2017 order, the Trial Court notes that upon review of the pleadings, and following arguments presented at the March 6, 2017 hearing in which Plaintiff participated, it is clear that the allegations of imminent danger cannot be construed to fit the Pennsylvania Supreme Court's definition of "imminent danger." *See Commonwealth v. Capitolo*, 498 A.2d 806, 809 (Pa. 1985). Indeed, the Trial Court further recognized that Plaintiff is no longer housed at the prison where the majority of the incidents cited as posing "imminent danger" or the person involved therein occurred. Our Court has defined a "credible allegation" as one that goes "beyond being merely rationale [sic] and conceivable and must possess the additional characteristics of being reliable and convincing." *Brown v. Pennsylvania Department of Corrections*, 58 A.3d 118, 123 (Pa. Cmwlth. 2012). In *Brown*, we held that our Court "need not accept [the inmate's] allegations, on their face, as 'credible allegations' of imminent danger…". *Id.* We find here that Plaintiff has failed to meet the "credible allegation" standard set by the PLRA.

Further, Plaintiff's claim of danger to other prisoners cannot in any circumstances satisfy the credible allegation standard because our Courts have consistently held that a prisoner proceeding *pro se* may not commence a class action lawsuit, and Plaintiff is precluded from doing so here. *Mobley v. Coleman*, 65 A.3d 1048, 1050 n.1 (Pa. Cmwlth. 2013).

We conclude therefore that the Trial Court properly revoked Plaintiff's IFP status, and provided him with thirty days to pay the full filing fee. *Lopez v. Haywood*, 41 A.3d 184 (Pa. Cmwlth. 2012). We conclude further that the Trial Court properly determined that matters pending prior to the revocation of Plaintiff's IFP status were moot. Accordingly, we affirm the orders of the Trial Court.

_____
**JAMES GARDNER COLINS, Senior Judge**

Judge Cosgrove did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Caine Pelzer, et al.          :
                               :

           Appellant        :
                               :

           v.                : No. 309 C.D. 2017
                               :

Pennsylvania Department of    :
Corrections, et al.          :

## O R D E R

AND NOW, this 16th day of October, 2017, the orders of the Greene County Court of Common Pleas in the above-captioned matter are hereby AFFIRMED.

 

 

**_____**
**JAMES GARDNER COLINS, Senior Judge**