IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                          :
                   Petitioner            :
                                         :
         v.                              :   No. 3 M.D. 2017
                                         :   SUBMITTED:  October 13, 2017
Pennsylvania Department                  :
of Corrections,                          :
                   Respondent            :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  January 17, 2018**


         Alton D. Brown is currently confined at the State Correctional Institution-Greene (SCI-Greene).  On January 6, 2017, Brown filed a *pro se* "petition for review… addressed to the Court's original jurisdiction and in the nature of a complaint in mandamus and equity."  (Petition for Review, 1/6/17, at 1.)  Brown's 49-page handwritten petition seeks declaratory and injunctive relief with respect to the conditions of his confinement by the Pennsylvania Department of Corrections (Department).  Brown also filed an application to proceed *in forma pauperis* (IFP), which this Court granted on January 23, 2017.  On February 22, 2017, the Department filed preliminary objections to Brown's petition which are now before this Court for disposition.

In his petition, Brown claims to be a political prisoner. He alleges that the Department transferred him to SCI-Greene for the purpose of sabotaging his efforts to litigate a variety of grievances in Pennsylvania's courts. He also claims that the Department has engaged in a program of retaliation against him in response to his litigation activities. Brown repeatedly alleges that the Department's retaliation campaign against him is exposing him to imminent danger of serious injury or death.

Statutory provisions commonly referred to as the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. §§ 6601-6608, provide for "the manner in which prisoners can engage in prison conditions litigation, setting forth, *inter alia,* the definitions of such litigation, the filing fees to be paid, and the ability of the trial court to dismiss such litigation for various reasons." *Lopez v. Haywood*, 41 A.3d 184, 186 (Pa. Cmwlth. 2012). Section 6602(e) of the PLRA states:

> **(e) Dismissal of litigation.**—Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
> (1) The allegation of indigency is untrue.
> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude relief.

42 Pa.C.S. § 6602(e). Section 6602(f) of the PLRA provides as follows:

> **(f) Abusive litigation.**—If the prisoner has previously filed prison conditions litigation and:

> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2);
>
> ....
>
> the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f).

In its preliminary objections, the Department asserts that Brown is an abusive litigator as defined in 42 Pa.C.S. § 6602(f)(1).[1] This Court has previously described Brown's status under the statute:

> For purposes of the Pennsylvania PLRA, Brown has a prolific history of filing frivolous and abusive *pro se* lawsuits concerning the conditions of his confinement. *See, e.g., Brown v. Pennsylvania Department of Corrections (Brown I),* (Pa. Cmwlth., No. 93 M.D. 2011, filed March 29, 2012), slip op. at 12 n. 7 ("Our research has shown that Brown has filed well over twenty *pro se* matters in which he challenges the conditions in which he is housed and/or the medical treatment he has received for various alleged ailments. The matters have been filed in various Courts of Common Pleas, this Court, and in the Federal Courts throughout the country. With few exceptions, these matters have been dismissed as being frivolous, without merit, or for not demonstrating that Brown was in imminent danger of serious bodily injury") (citations omitted); *see also Brown v. Pennsylvania Department of Corrections,* 913 A.2d 301, 306 (Pa. Cmwlth. 2006) ("Brown is a well-qualified abusive litigator within the meaning of the PLRA."); *Brown v.*

---

[1] The Department additionally objects to the form of Brown's petition, arguing that it fails to comply with Pa.R.C.P. Nos. 1028(a)(2) and 1028(a)(5). In light of our disposition of this matter, we decline to address these objections.

> *James,* 822 A.2d 128, 131 (Pa. Cmwlth. 2003) (concluding that Brown has accumulated "three strikes" under section 6602(e)(2) of the Pennsylvania PLRA and that his civil actions are subject to dismissal per section 6602(f)(1)).

*Brown v. Pennsylvania Department of Corrections,* 58 A.3d 118, 121 (Pa. Cmwlth. 2012).

Under the statute, an inmate forfeits the opportunity to proceed IFP following a determination that he has filed three frivolous prison condition complaints. *Jae v. Good*, 946 A.2d 802, 807 (Pa. Cmwlth. 2008). "The only exception is where the prisoner makes a credible allegation that he is in danger of imminent bodily harm and needs injunctive relief." *Id.*

As he has done in other cases, Brown alleges here that he is in such danger. While previously considering Brown's allegations of imminent danger, this Court has focused on the requirement that, in order to avoid forfeiture of the opportunity to proceed IFP, a prisoner's claims of imminent danger must be *credible.* In light of Brown's long history of abusive litigation, "this Court is not required to accept these allegations as true." *Brown v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 93 M.D. 2011, filed March 29, 2012), slip op. at 12. "[T]o establish the 'credible allegation' requirement of the Pennsylvania PLRA, it [is] imperative that he substantiate his averments with some form of evidence extrinsic to the complaint itself, such as medical documentation." *Brown,* 58 A.3d at 123.

This Court afforded Brown an opportunity to do so in this case. On June 2, 2017, this Court ordered that Brown "shall file, no later than July 5, 2017, all extrinsic evidence, including medical documentation, supporting his claim that he is in imminent danger of physical injury as a result of the prison conditions of

which he complains in his petition for review." On July 5, 2017, this Court extended Brown's deadline to provide documentation until July 17, 2017. Brown failed to file any such extrinsic evidence supporting his claim of imminent danger, however. (Order, 7/28/17.)

Because Brown is an abusive litigator as defined in section 6602(f)(1) of the PLRA, 42 Pa.C.S. § 6602(f)(1), and because he has failed to provide any extrinsic evidence to support his allegation that he is in imminent danger of bodily harm, Brown forfeits his IFP status. *Lopez, Jae.* Brown shall pay the fees and costs associated with the filing of his petition within 30 days of this Court's order. If he fails to do so, his petition will be dismissed with prejudice in accordance with section 6602(f) of the PLRA, 42 Pa.C.S. § 6602(f).

_____
BONNIE BRIGANCE LEADBETTER,
Senior Judge

Judge Cosgrove did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,             :
         Petitioner        :
                              :
        v.                :   No. 3 M.D. 2017
                              :
Pennsylvania Department     :
of Corrections,              :
        Respondent    :

## O R D E R

AND NOW, this 17th day of January, 2018, the Pennsylvania Department of Corrections' preliminary objection to Brown's petition for review pursuant to section 6602(f) of the Prison Litigation Reform Act, 42 Pa.C.S. § 6602(f), is hereby SUSTAINED. Brown's *in forma pauperis* status is REVOKED. Brown is hereby directed to pay the fees and costs associated with filing of the petition within 30 days of this Court's Order. Failure to do so will result in the dismissal of the petition with prejudice in accordance with 42 Pa.C.S. § 6602(f).

_____
BONNIE BRIGANCE LEADBETTER,
Senior Judge