IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Caine Pelzer,                                    :
                Appellant           :
                                             :   No. 472 C.D. 2019
           v.                          :
                                             :   Submitted:  December 13, 2019
Gov. Wolf, Sec. Wetzel,                          :
Mark Capozza                                     :


***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                                    FILED:  March 9, 2020


      Caine Pelzer appeals, *pro se*, from the April 8, 2019 order of the Court of Common Pleas of Fayette County (trial court), which denied Pelzer's motion to proceed *in forma pauperis* (IFP)[1] because it determined Pelzer was an abusive litigator pursuant to section 6602(f) of the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. §6602(f).  The trial court's order also informed Pelzer that if he did not pay the full filing fee within 30 days his action would be dismissed.

      The relevant facts and procedural history are as follows.  Pelzer filed a Petition for Writ of Habeas Corpus Ad Subjiciendum[2] (Petition) with the trial court on February 14, 2019.  The Petition alleged that Pelzer was then currently incarcerated at State Correctional Institution (SCI)-Fayette.  (Petition ¶3.)  Pelzer averred that he was

---

[1] In *Grant v. Blaine*, 868 A.2d 400 (Pa. 2005), our Supreme Court held that an order denying IFP status is a final, appealable order because "[a] litigant who is denied the ability to bring a cause of action due to his true inability to pay the costs is effectively put out of court." *Id.* at 402-03.

[2] "A writ of habeas corpus ad subjiciendum is defined as '[a] writ directed to someone detaining another person and commanding that the detainee be brought to court.'" *Pew v. Mechling*, 929 A.2d 1214, 1216 (Pa. Cmwlth. 2007) (quoting Black's Law Dictionary 715 (7th ed. 1999)).

initially placed in solitary confinement at SCI-Dallas in January 2009 and that he remained on the restricted release list from 2009 until November 2014. *Id.* ¶¶12-13. Pelzer alleged that he was released to the general population at SCI-Dallas in November 2014, but was placed back in the restricted housing unit at SCI-Dallas one year later "without misconduct." *Id.* ¶¶13-14.

Pelzer averred that solitary confinement caused him to experience sleep deprivation from being exposed to the following: "24 hours light in the cell, constant banging, screaming, clapping, keys jingling, singing, rapping, [and] gang warring." *Id.* ¶19. Pelzer also alleged that solitary confinement made him feel depressed, paranoid, anxious, irritable, and hopeless; caused him to experience panic attacks; and resulted in him losing interest in things once deemed pleasurable. *Id.* ¶¶19-22. Pelzer asserted that he has been placed, naked, in a freezing cell in winter and has been denied basic necessities such as a "change of clothes, wash rag, toothpaste, toothbrush, and other personal hygiene products." *Id.* ¶¶23-24. Pelzer averred that he has been transferred to several maximum security prisons where he was placed in "hard cells equipped with [] cement bed[s]" and where the showers did not have doors. *Id.* ¶28. Additionally, Pelzer alleged that he was assaulted and handcuffed by guards, that he was forced to endure fires in his unit, and that he was subjected to "O.C. Spray cell extractions[,] which leave[] grown men screaming and crying." *Id.* ¶¶30-31. Pelzer averred that solitary confinement has made him suicidal. *Id.* ¶¶18, 26-27.

Pelzer asserted that his placement in solitary confinement, without receiving a misconduct and without an appeal process, violated his procedural and substantive due process rights under the Pennsylvania and United States Constitutions. *Id.* ¶¶37-38. Pelzer further averred that his placement in solitary confinement subjected him to cruel and unusual punishment. *Id.* ¶¶46-49.

After Pelzer filed his Petition, he subsequently filed a motion to proceed IFP. On April 8, 2019, the trial court denied Pelzer's motion because it determined he was an "abusive litigator." (Trial court order, April 8, 2019.) In reaching its decision, the trial court relied on *Pelzer v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 309 C.D. 2017, filed October 16, 2017) (*Pelzer I*), in which this Court concluded Pelzer was an abusive litigator. The trial court also informed Pelzer that if he did not pay the full filing fee within 30 days, his Petition would be dismissed. (Trial court order, April 8, 2019.)

Thereafter, Pelzer appealed to this Court. On June 18, 2019, the trial court issued an order stating that it was relying on its April 8, 2019 order and that no further opinion would be issued. (Trial court order, June 18, 2019.)

On appeal,[3] Pelzer argues that the trial court (1) erred in deeming the Petition "prison conditions litigation," where the PLRA excludes writs of habeas corpus, and (2) abused its discretion in denying the IFP motion without inquiring into whether Pelzer could pay to prosecute his case.

Regarding the first issue, Pelzer contends that section 6601 of the PLRA specifically excludes writs of habeas corpus from prison conditions litigation. Although Pelzer does not challenge that he has "three strikes" pursuant to section 6602 of the PLRA, he argues that habeas corpus proceedings are not subject to the PLRA and the "three strikes rule."

Section 6602(f) of the PLRA, titled "Abusive litigation," and commonly known as the "three strikes rule," authorizes a trial court to dismiss "prison conditions

---

[3] Our review of a trial court's denial of an IFP motion is limited to determining whether constitutional rights were violated, whether the trial court abused its discretion, or whether the trial court committed an error of law. *Pew*, 929 A.2d at 1217 n.4.

litigation" if the prisoner (1) "previously filed prison conditions litigation," and (2) "three or more of [those] prior civil actions have been dismissed" for being frivolous, malicious, or failing to state a claim upon which relief could be granted.[4] 42 Pa.C.S. §6602(f); *Pew*, 929 A.2d at 1217. However, the "three strikes rule" is qualified to a certain extent, with section 6602(f) mandating that a court shall not "dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury." 42 Pa.C.S. §6602(f).

Additionally, section 6601 of the PLRA defines "prison conditions litigation" as follows:

> A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. *The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.*

42 Pa.C.S. §6601 (emphasis added). Accordingly, the "three strikes rule" does not apply "in two instances: (1) when the proceeding involves a criminal matter or habeas corpus petition challenging *the fact or duration of confinement* in prison" and (2) when the proceeding seeks "'preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.'" *Pew*, 929 A.2d at 1217 (emphasis added) (quoting section 6601 of the PLRA, 42 Pa.C.S. §6601).

---

[4] This Court has determined that the "three strikes rule" contained in section 6602(f) is "analogous to a jurisdictional hurdle that one seeking IFP status to challenge prison conditions must overcome." *Brown v. Pa. Dep't of Corrections*, 913 A.2d 301, 305-06 (Pa. Cmwlth. 2006) (*Brown I*).

In *Pelzer I*, we concluded that Pelzer was an abusive litigator under section 6602 of the PLRA because at least three of his prior actions had been dismissed for being frivolous, malicious, or failing to state a claim. *Pelzer I*, slip op. at 6-7.[5] Here, Pelzer does not challenge his designation as an "abusive litigator," but argues that the "three strikes rule" does not apply in this instance because his action is styled as a writ of habeas corpus. However, under section 6601, habeas corpus proceedings are only exempted from the "three strikes rule" when they challenge the "fact or duration of confinement in prison." 42 Pa.C.S. §6601; *Pew*, 929 A.2d 1218-19. It is axiomatic that, because Pelzer complained of his treatment in solitary confinement, his Petition challenged the conditions of his confinement, rather than the actual fact or duration of his confinement. Thus, because Pelzer did not challenge the fact or duration of his confinement, the habeas corpus exclusion to the "three strikes rule" does not apply.[6] *See, e.g.*, *Pew*, 929 A.2d at 1219 (concluding that the habeas corpus exception

---

[5] Pursuant to this Court's Internal Operating Procedures, an unreported opinion of the Court filed after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

[6] Pelzer does not appear to argue that the second exclusion to the "three strikes rule" applies; however, even if Pelzer had raised it, we would conclude that Pelzer had not requested "preliminary injunctive relief or a temporary restraining order which [made] a credible allegation that [he was] in imminent danger of serious bodily injury." Section 6602(f) of the PLRA, 42 Pa.C.S. §6602(f). The "credible allegation" requirement of section 6602 of the PLRA "indicates that the supporting averments must go beyond being merely rational[] and conceivable and must possess the additional characteristics of being reliable and convincing." *Brown v. Pa. Dep't of Corrections*, 58 A.3d 118, 123 (Pa. Cmwlth. 2012) (*Brown III*). Thus, in order to satisfy the credible allegation requirement, it is imperative that the averments in the complaint be substantiated by some form of extrinsic evidence attached to the complaint, such as medical documentation. *Id.* Further, the danger of serious bodily injury must be "imminent," *i.e.*, "the danger must be, or must reasonably appear to be, threatening to occur immediately, near at hand, and impending." *Brown v. Beard*, 11 A.3d 578, 581 (Pa. Cmwlth. 2010) (*Brown II*). We have repeatedly held that prisoners failed to make *credible allegations* of imminent danger of serious bodily injury, and were, thus, ineligible for the "three strikes rule" exception, where they did not substantiate averments in the complaints with extrinsic evidence attached to the complaints. *See, e.g.*, *Brown v. Wolf* (Pa. Cmwlth., No. 566 C.D. 2017, filed January

5

to the "three strikes rule" in section 6602 of the PLRA did not apply because the prisoner's habeas corpus petition only challenged the conditions, instead of the fact or duration, of his confinement).

Next, we address whether the trial court abused its discretion in denying Pelzer's IFP motion without inquiring into whether he could pay to prosecute the case. Pelzer contends that a hearing would have revealed his financial status, as well as whether an exception to the abusive litigator "three strikes rule" applies.

Initially, we note that a court of common pleas' refusal to allow a prisoner to proceed IFP does not deny a prisoner access to the court system in violation of the

16, 2018) (*Brown IV*), slip op. at 9; *Sehu-Kessa-Saa-Tabansi v. Wetzel* (Pa. Cmwlth., No. 867 C.D. 2014, filed January 15, 2015), slip op. at 8-9; *Tabansi v. Director of Correctional Industries-Doe* (Pa. Cmwlth., No. 392 C.D. 2013, filed November 19, 2013), slip op. at 5; *Brown III*, 58 A.3d at 123-24. We have also held that prisoners failed to make allegations of *imminent* danger where the prisoners were no longer housed in the prisons where the incidents cited as posing imminent danger had allegedly occurred. *See, e.g.*, *Pelzer I*, slip op. at 7; *Pew v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 2359 C.D. 2013, filed November 12, 2014), slip op. at 5; *Brown v. Beard* (Pa. Cmwlth., No. 2659 C.D. 2009, filed February 7, 2012), slip op. at 8; *Brown II*, 11 A.3d at 581. Similarly, we have held that where a prisoner alleges serious injury stemming from confinement in a restrictive housing unit (RHU), but the prisoner is no longer confined in a RHU, the prisoner has not alleged an *imminent* danger of serious injury. *Lopez v. Haywood*, 41 A.3d 184, 189 (Pa. Cmwlth. 2012).

Here, the incidents forming the basis of Pelzer's Petition all occurred at either SCI-Dallas or SCI-Fayette. *See* Petition ¶¶3, 6-7, 14. Pelzer has since been transferred to SCI-Albion and is currently housed at the Luzerne County Correctional Facility. (Pelzer Reply Br. at 4, 12-13.) Moreover, although the Petition alleges that Pelzer has spent a significant amount of time confined to solitary confinement, it does not allege that he is currently confined to the same. Accordingly, the Petition does not contain allegations of *imminent* danger of serious bodily injury. Further, because Pelzer has not substantiated the allegations in the Petition with any extrinsic evidence, he has not made a *credible* allegation of imminent danger. Finally, the Petition does not appear to request preliminary injunctive relief or a temporary restraining order. Accordingly, because Pelzer did not request "preliminary injunctive relief or a temporary restraining order," and did not make a "*credible* allegation that [he was] in *imminent* danger of serious bodily injury," section 6602(f) of the PLRA, 42 Pa.C.S. §6602(f) (emphasis added), even if Pelzer had raised this exclusion to the "three strikes rule," we would hold it does not apply.

United States and Pennsylvania Constitutions. *Brown I*, 913 A.2d at 306. This is because the "three strikes rule" does not prevent prisoners from filing civil actions challenging prison conditions, but rather, only restricts their ability to pursue such actions IFP. *Lopez*, 41 A.3d at 187. A prisoner whose IFP status is denied may still proceed by paying the filing fees and costs associated with commencing prison conditions litigation. *Id.* at 188. Recently, in *Brown IV*, we held that a court of common pleas was not required to conduct a hearing prior to denying a prisoner's IFP status, where the prisoner had previously been deemed an abusive litigator. *Brown IV*, slip op. at 9-10; *see also Brown v. Gilmore* (Pa. Cmwlth., No. 1774 C.D. 2017, filed December 21, 2018), slip op. at 5 n.6.

Here, like *Brown IV*, we are unaware of any authority that would have required the trial court to conduct a hearing before denying IFP status, and Pelzer has not cited to any such authority. Additionally, because Pelzer has not demonstrated how either exception to the "three strikes rule" applies and there is no exception based on indigency, we are unable to discern how a hearing would have changed the outcome in this matter. Further, because Pelzer could have proceeded with his Petition after his motion for IFP was denied, by paying the filing fee within 30 days, he was not denied access to the courts.

Accordingly, because Pelzer has been designated as an abusive litigator and none of the exceptions to the "three strikes rule" apply, the trial court did not err in denying Pelzer's motion to proceed IFP.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Caine Pelzer,                                         :
          Appellant                        :
                                    :   No. 472 C.D. 2019
          v.                                      :
                                      :
Gov. Wolf, Sec. Wetzel,                       :
Mark Capozza                                      :

## *PER CURIAM*

## *ORDER*

AND NOW, this 9th day of March, 2020, the April 8, 2019 order of the Court of Common Pleas of Fayette County is affirmed.