IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Herman Staple,       :
     Appellant    :
           :
   v.        :
           :
           : No. 1559 C.D. 2019
Marcus Miller       : Submitted: February 7, 2020


BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: April 29, 2020


    Herman Staple appeals *pro se* the June 27, 2019 order of the Court of Common Pleas of Centre County (trial court) dismissing his civil complaint against Marcus Miller (Appellee) pursuant to Section 6602(f) of the Prison Litigation Reform Act (Act),[1] 42 Pa.C.S. § 6602. For the following reasons, we affirm.

    On October 16, 2018, Staple commenced this action by filing a civil complaint in the trial court alleging he was subject to excessive force during an incident at SCI-Rockville, where Staple is an inmate. Also on October 16, 2018, Staple filed a Petition to Proceed *In Forma Pauperis*, which the trial court granted on October 24, 2018.

---

[1] Act of June 18, 1998, P.L. 640, 42 Pa.C.S. §§ 6601-08.

On January 10, 2019, Appellee filed a motion to revoke Staple's *in forma pauperis* (IFP) status pursuant to Section 6602(f) of the Act, 42 Pa.C.S. § 6602(f),[2] commonly referred to as the "three strikes rule."[3] *Brown v. Pa. Dep't of Corrections*, 58 A.3d 118, 121 (Pa. Cmwlth. 2012). The three strikes rule allows a court to revoke a prisoner's IFP status if the prisoner has filed three or more prison conditions civil actions that were dismissed as frivolous or malicious, or for a failure to state a claim. *Id.*

On May 17, 2019, the trial court granted Appellee's motion to revoke Staple's IFP status pursuant to the three strikes rule and ordered Staple to pay the

---

[2] Section 6602(f) of the Act provides as follows:

> **(f) Abusive litigation.--**If the prisoner has previously filed prison conditions litigation and:
>
>> (1) three or more of these prior civil actions have been dismissed [as frivolous or malicious, or for failure to state a claim] pursuant to subsection (e)(2); or
>>
>> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial;
>
> the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa. C.S. § 6602(f)

[3] No party challenges the fact that the trial court granted Appellee's motion to revoke Staple's IFP status based on the three strikes rule.

entire applicable filing fee within 30 days or suffer dismissal of the complaint. On June 27, 2019, the trial court filed an order dismissing the complaint for failure to pay the filing fee. Appellant timely appealed the trial court's order on July 11, 2019.[4]

On appeal,[5] Staple contends that the 30-day deadline imposed by the trial court to pay the applicable filing fee was unreasonable because of the revocation of his IFP status. *See* Staple's Brief at 6-7. He claims he has been denied access to the courts based on his inability to pay the filing fee. *Id.* We do not agree.

When a court revokes a prisoner's IFP status, "a court may dismiss the [prisoner's] complaint if the [prisoner] thereafter fails to pay the filing fees and costs associated with the litigation." *Richardson v. Dep't of Corr.*, 97 A.3d 430, 432 (Pa. Cmwlth. 2014) (quoting *Brown,* 58 A.3d at 121). The court must provide the prisoner with "a reasonable opportunity to 'proceed' with his already-begun prison conditions litigation by paying his filing fees and costs before dismissing the matter in its entirety." *Lopez v. Haywood*, 41 A.3d 184, 188 (Pa. Cmwlth. 2012) (emphasis omitted). However, where a prisoner thereafter "does not pay the fees [and] costs associated with the filed [complaint] as directed by the trial court, the matter should be dismissed." *Id.* at 188-89. This Court found 45 days to be a reasonable opportunity to pay a filing fee after revoking the revocation of a prisoner's IFP status. *See Bailey v. Rozum* (Pa. Cmwlth., No. 718 C.D. 2017, filed Mar. 2, 2018),[6] slip op.

---

[4] Staple originally filed this appeal in the Superior Court of Pennsylvania, which transferred the matter to this Court by order dated September 10, 2019.

[5] "When reviewing the decision of a trial court, our scope of review is limited to a determination of whether constitutional rights have been violated or whether the trial court abused its discretion or committed an error of law." *Bailey v. Wakefield*, 933 A.2d 1081, 1083 n.4 (Pa. Cmwlth. 2007).

[6] Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

at 4.  Likewise, the Superior Court[7] has affirmed a trial court's order revoking IFP status and allowing a prisoner 30 days to pay the applicable filing fee.  *See Spuck v. Does* (Pa. Super., No. 1292 WDA 2012, filed Sept. 25, 2013), slip op. at 5.

Here, when the trial court revoked Staple's IFP status pursuant to the three strikes rule, it provided him a reasonable opportunity – 30 days – to pay the filing fee before the complaint would be dismissed.  *See Bailey*; *Spuck*.  Staple failed to pay the filing fee within the time allowed.  Accordingly, the trial court did not err in dismissing Staple's complaint at the expiration of the allotted time period.  *See Lopez.*

To the extent Staple argues that he should be allowed to pay the applicable fees and costs in installments, he is incorrect.  In *Payne v. Commonwealth Department of Corrections*, 871 A.2d 795 (Pa. 2005), our Supreme Court determined that the partial payment provisions of Section 6602(b) and (c) – which applied only to individuals with IFP status – were unconstitutional.  Further, even had they been constitutional, the partial payment provisions of Section 6602(b) and (c) required IFP status to apply, which status the trial court revoked here under the three strikes rule of Section 6602(f).

Additionally, Staple's suggestion that he must be afforded 60 days at a minimum to pay filing fees pursuant to Section 6602(d)(2) is likewise incorrect.[8]  To

---

[7] Although not binding, Superior Court decisions are persuasive authority in this Court. *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[8] Section 6602(d)(2) provides:

> No sooner than 60 days after notice of the denial in forma pauperis status or the assessment of partial filing fees, the prothonotary shall enter a judgment of non pros in the action or strike the appeal if the fees remain unpaid. The action or appeal may be reinstated by the court for good cause shown.

the extent Section 6602(d)(2) contemplates partial payments of filing fees, it is unconstitutional under *Payne*. Otherwise, even if not unconstitutional, Section 6602(d)(2) concerns itself with payment of filing fees following denial of IFP status, not with scenarios where such status has been granted and then revoked pursuant to the three strikes rule. In such a scenario, as discussed *supra*, a complainant must comply with the time period granted by a court as a reasonable opportunity to proceed with already-begun prison conditions litigation by timely paying the applicable fees and costs. *See Lopez.*

Finally, to the extent he argues that Section 6602(f) violates equal protection by limiting his access to the courts, Staple is incorrect. As this Court has previously explained, "requiring a prisoner to pay the filing fees that are imposed on all litigants in a civil case does not, standing alone, violate that prisoner's right of meaningful access to the courts." *Jae v. Good*, 946 A.2d 802, 808 (Pa. Cmwlth. 2008); *see also Richardson*, 97 A.3d at 434–35.

For the foregoing reasons, the order of the trial court is affirmed.

 

_____
CHRISTINE FIZZANO CANNON, Judge

---

42 Pa.C.S. § 6602(d)(2).

Herman Staple,                  :
         Appellant       :
                          :

        v.                  :
                          :
                          :   No. 1559 C.D. 2019

Marcus Miller            :

## O R D E R

AND NOW, this 29th day of April, 2020, the June 27, 2019 order of the Court of Common Pleas of Centre County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge