IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania           :
Ex Rel. Simeon Bozic,                   : No. 2760 C.D. 2015
                                        : Submitted: October 7, 2016
                          Appellant     :
                                        :
                    v.                  :
                                        :
Superintendent, Robert Gilmore,         :
State Correctional Institution          :
Greene, Pennsylvania Department         :
of Corrections                          :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                      FILED: November 29, 2016


          Simeon Bozic appeals from the July 23, 2015, interlocutory order of the
Court of Common Pleas of Greene County (trial court) that transferred his petition for
writ of habeas corpus (Petition) to the Philadelphia County Court of Common Pleas
(Philadelphia court).  We quash the appeal.


          On March 12, 2015, Bozic filed the Petition against Superintendent,
Robert Gilmore, the State Correctional Institution at Greene (SCI-Greene), and the
Pennsylvania Department of Corrections (together, Respondent) in the trial court.  In
his Petition, Bozic challenged the conditions of his confinement at SCI-Greene,

specifically alleging that the Philadelphia court did not impose a sentence authorizing his confinement.[1]

On July 23, 2015, the trial court issued an order, stating that in accordance with Pa. R. Crim. P. 108(A), a petition for writ of habeas corpus challenging the legality of a petitioner's confinement shall be filed in the clerk of courts of the judicial district in which the order directing the confinement of the petitioner was entered. The trial court ordered the Petition transferred to the Philadelphia court.

On August 3, 2015, Bozic filed a notice of appeal from an interlocutory appeal as of right pursuant to Pa. R.A.P. 311(c), with this court.[2] On appeal, Bozic argues that the trial court erred in transferring the Petition to the Philadelphia court because he is confined at SCI-Greene and, in accordance with *Bronson v. Domovich*, 628 A.2d 1177, 1177 (Pa. Super. 1993) and Pa. R. Crim. P. 108(B), "[a] petition for writ of habeas corpus challenging the conditions of the petitioner's confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the petitioner is confined." Thus, because Bozic is confined at SCI-Greene, Bozic maintains that the trial court, not the Philadelphia court, has jurisdiction.

---

[1] This is the only challenge raised.

[2] Bozic also filed a motion to reopen the habeas corpus proceeding with the trial court, which the trial court denied on April 5, 2016.

2

We must first address the appealability of the July 23, 2015, interlocutory order. Bozic claims he may appeal the interlocutory order as of right pursuant to Pa. R.A.P. 311(c). We disagree.

Pa. R.A.P. 311(c) provides that "[a]n appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles." Although Pa. R.A.P. 311(c) permits an appeal as of right from an order "transferring [a] matter to another court of coordinate jurisdiction," the *Note* to Pa. R.A.P. 311(c) explains:

> [T]he paragraph does not relate to a transfer under . . . 42 Pa. C.S. §5103 [transfer of erroneously filed matter], . . . because such a transfer is not to a "court of coordinate jurisdiction" within the meaning of this rule; it is intended that there shall be no right of appeal from a transfer order based on improper subject matter jurisdiction.

Pa. R.A.P. 311, Note.

Habeas corpus is properly addressed in the court of record from which the judgment of sentence originated. *Brown v. Department of Corrections*, 81 A.3d 814, 815 (Pa. 2013). Here, the trial court transferred the Petition to the Philadelphia court, which ordered Bozic's detention. An appeal as of right may not be taken from the trial court's transfer order.

3

Accordingly, we quash Bozic's appeal.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| Ex Rel. Simeon Bozic, | : | No. 2760 C.D. 2015 |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Superintendent, Robert Gilmore, | : | |
| State Correctional Institution | : | |
| Greene, Pennsylvania Department | : | |
| of Corrections | : | |

O R D E R

AND NOW, this 29th day of November, 2016, we hereby quash the appeal filed by Simeon Bozic.

_____
ROCHELLE S. FRIEDMAN, Senior Judge