J-S16018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| NORMAN HARVEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON BOHENSKI | : | No. 1201 MDA 2024 |

Appeal from the Order Entered July 30, 2024
In the Court of Common Pleas of Luzerne County, Civil Division, at
No(s): 2024-05785

BEFORE: LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:           **FILED MAY 23, 2025**

Norman Harvey appeals from the order denying his petition for a writ of *habeas corpus* for lack of jurisdiction and transferring the matter to the Philadelphia County Court of Common Pleas. We affirm.

As a result of multiple convictions in Philadelphia County, Appellant is presently confined to State Correctional Institution ("SCI") Dallas, which is in Luzerne County.[1] Appellant, acting *pro se*, filed the subject petition for a *writ of habeas corpus* in Luzerne County on May 22, 2024, challenging his confinement there based upon the purported illegality of his initial sentence and revocation sentence. Thereafter, he *pro se* petitioned for leave to demand a jury trial regarding his *habeas* petition and requested a hearing.

_____

[1] We note that Appellant was known as Eric Elrod in the underlying proceedings, listed at docket numbers CP-51-CR-000057-2011 and CP-51-CR-0011460-2011.

The Commonwealth submitted an answer, suggesting that the questions posed by Appellant's pleadings needed to be presented in a different forum. Specifically, it averred that if Appellant's motion challenged the calculation of his sentence, then the matter should be transferred to the Commonwealth Court. However, if he instead was challenging the legality of his sentence, then it should be transferred to the Court of Common Pleas of Philadelphia County for him to pursue relief through the Post Conviction Relief Act. Based upon the nature of the filings, the trial court denied Appellant's petitions for lack of jurisdiction, and because he did not have any cases in Luzerne County eligible for a jury trial request. Thus, it transferred the matter to the Philadelphia County Court of Common Pleas.

Appellant appealed from that order to this Court.[2] He complied with the order to file a Pa.R.A.P. 1925(b) concise statement, and the court authored a responsive Rule 1925(a) opinion. The court explained that "[s]ince [Appellant] is challenging the legality of his confinement, including credit for time served and recalculation of credit post parole violations[,] venue is proper in Philadelphia County." Opinion, 11/25/24, at unnumbered 1-2. Appellant presents four issues for our consideration:

1. Did the sentence for a probation violation (Philadelphia County Common Pleas Court) violate the prohibitions of the United States & Pennsylvania constitutions?

---

[2] Appellant subsequently filed a petition for reconsideration, which the court declined to rule upon in light of the pending appeal.

2. Did the lower court (Philadelphia County) have statutory [a]uthority to sentence [Appellant] for a violation of probation that had not yet begun?

3. Did the lower court have jurisdiction of the subject matter to accept the initial plea[?]

4. Is [Appellant] being subjected to cruel & unusual punishment?

Appellant's brief at 4 (some capitalization altered).

Preliminarily, we employ a *de novo* standard and plenary scope of review to the court's interpretation of the pertinent statutes and rules and its determination to transfer venue. *See B.J.D. v. D.L.C.*, 19 A.3d 1081, 1082 (Pa.Super. 2011) (noting that where "question is purely one of law, our standard of review is *de novo*, and our scope of review is plenary").

The power to issue a writ of *habeas corpus* is governed by 42 Pa.C.S. § 6502, which provides:

**(a) General rule.--**Any judge of a court of record may issue the writ of habeas corpus to inquire into the cause of detention of any person or for any other lawful purpose.

**(b) Venue.--**The venue of matters brought under this chapter shall be as prescribed by general rule.

42 Pa.C.S. § 6502. The High Court implemented this statute by imposing the following Rule:

(A) A petition for writ of *habeas corpus* challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered.

(B) A petition for writ of *habeas corpus* challenging the conditions of the petitioner's confinement in a criminal matter shall be filed

- 3 -

with the clerk of courts of the judicial district in which the petitioner is confined.

> *Comment:* This rule implements [§] 6502(b) of the Judicial Code as it applies to the venue for petitions for writs of *habeas corpus* in criminal matters. 42 Pa.C.S. § 6502(b). The rule is not intended to affect existing law concerning the availability and scope of *habeas corpus* relief. The rule also is not intended to apply to proceedings authorized by law for post-conviction remedies. ***See*** Section 6503 of the Judicial Code, 42 Pa.C.S. § 6503.

> Separate petitions are required under this rule when the petitioner is confined in one judicial district due to an order entered in another judicial district and seeks to challenge both the legality and the conditions of confinement. A petition misfiled in the wrong judicial district under this rule may be transferred to the proper judicial district pursuant to Section 5103 of the Judicial Code, 42 Pa.C.S. § 5103(a).

Pa.R.Crim.P. 108. Section 5103, in turn, states in pertinent part:

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a).

In his *habeas* petition, Appellant solely challenged the calculation and legality of his sentences. He did not complain in any fashion about the

conditions of his confinement at SCI Dallas. *See, e.g.*, *Bronson v. Domovich*, 628 A.2d 1177, 1179 & n.2 (Pa.Super. 1993) (holding that "being removed from the general population to solitary confinement as punishment for a prison offense . . . does not challenge the legality of the underlying confinement[,]" but rather, like "the denial of a recreation period or moving him from one work force to another, these would plainly be 'conditions' of confinement").

Pursuant to § 6502 and Rule 108(A), venue for Appellant's petition lay in Philadelphia County because that is where the record indicates his sentences were entered. Thus, the Luzerne County Court of Common Pleas properly transferred the matter to Philadelphia County pursuant to § 5103(a). Accordingly, we affirm the order denying Appellant's *habeas* petition for improper venue and transferring the matter to Philadelphia County.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/23/2025